City of Cincinnati, Appellee, *v.* Karlan, Appellant.

[Cite as Cincinnati v. Karlan (1974), 39 Ohio St. 2d 107.]

(No. 72-842—Decided July 10, 1974.)

*Mr. Thomas A. Luebbers*, city solicitor, *Mr. Ralph E. Cors* and *Mr. John S. Moraites* and *Miss Dolores Hildebrandt*, for appellee.
*Mr. Andrew B. Dennison*, for appellant.

HERBERT, J. Following our judgment in this case, appellant appealed to the United States Supreme Court. Under a mandate of May 14, 1974, that court vacated our judgment and remanded the cause to this court for further consideration in light of *Lewis v. New Orleans* (1974), U. S.    , 39 L. Ed. 2d 214, which was decided subsequent to the publication of our first opinion.

The next to last paragraph of the majority opinion in *Lewis* states:

"In sum * * * [the New Orleans ordinance under consideration] punishes only spoken words. It can therefore withstand appellant's attack upon its facial constitutionality only if, as authoritatively construed by the Louisiana Supreme Court, it is not susceptible of application to speech, although vulgar or offensive, that is protected by the First and Fourteenth Amendments. * * * Since * * * [the ordinance], *as construed by the Louisiana Supreme Court*, is susceptible of application to protected speech, the section is constitutionally overbroad and therefore is facially invalid." (Emphasis added.)

As we read *Lewis*, and the cases cited therein, the apparent deficiency found in our first opinion in *Karlan* centers around a reliance in that case upon the construction of Cincinnati Ordinance 901-d4, which is contained in

*Cincinnati* v. *Hoffman* (1972), 31 Ohio St. 2d 163, 285 N. E. 2d 714, certiorari denied, 410 U. S. 920. Since *Hoffman* involved only conduct, and *Karlan* only speech, the conclusion from *Lewis* and the remand now before us is that an authoritative statutory construction pertaining to conduct may not be relied upon in a case involving speech, even though it be obvious that the particular speech under consideration is not constitutionally protected.

Cincinnati Ordinance 901-d4 reads, as follows:

"It shall be unlawful for any person to wilfully conduct himself or herself in a noisy, boisterous, rude, insulting or other disorderly manner, with the intent to abuse or annoy any person or the citizens of the city or any portion thereof."

Viewed in light of *Lewis* v. *New Orleans, supra,* it is clear that this ordinance does not punish "only spoken words." However, it is just as apparent that it is capable of punishing spoken words and, in that respect, must be authoritatively narrowed or be held constitutionally overbroad.

A considerable line of United States Supreme Court cases has consistently, and insistently, held that the uttering of words which are "rude" or "insulting" may not be prohibited, "although vulgar or offensive." *Id.,* at page 219. However, as noted in the syllabus of our original *Karlan,* when the words of rudeness or insult reach a point where they become "fighting words" they may be regulated by criminal statute and their utterance may be constitutionally punished.

As has been made abundantly clear by the United States Supreme Court, a criminal statute capable of punishing spoken words cannot stand constitutional muster unless "authoritatively construed" by state courts to be inapplicable to speech which is protected by the First and Fourteenth Amendments. *Lewis, supra,* and cases cited.

The principal pull and haul between state courts and the high court has centered around a definition of "protected speech." However, there appears to be no room left for argument today. A majority of the United States

Supreme Court has said that no matter how rude, abusive, offensive, derisive, vulgar, insulting, crude, profane or opprobrious spoken words may seem to be, their utterance may not be made a crime unless they are fighting words,[1] as defined by that tribunal. Furthermore, the court has stated that those descriptive words in and of themselves are constitutionally overbroad and must be rendered unsusceptible of application to protected speech by appropriate judicial decision.

Therefore, persons may not be punished under Section 901-d4, Code of Ordinances of Cincinnati, for speaking boisterous, rude or insulting words, even with the intent to annoy another, unless the words by their very utterance inflict injury or are likely to provoke the average person to an immediate retaliatory breach of the peace. *Cantwell* v. *Connecticut* (1940), 310 U. S. 296; *Chaplinsky* v. *New Hampshire* (1942), 315 U. S. 568; *Terminiello* v. *Chicago* (1949), 337 U. S. 1; *Cohen* v. *California* (1971), 403 U. S. 15; *Gooding* v. *Wilson* (1972), 405 U. S. 518; *Lewis* v. *New Orleans, supra.*

Insofar as appellant Karlan is concerned, we adhere to our former judgment. For, where epithets, used in a public place and wilfully directed at those who can hear them, are likely to provoke the average person to an immediate retaliatory breach of the peace, they are fighting words and the utterance thereof may be punished as a criminal act. *Cincinnati* v. *Karlan, supra* (35 Ohio St. 2d 34.)

*Judgment reaffirmed.*

CORRIGAN, CELEBREZZE and P. BROWN, JJ., concur.
O'NEILL, C. J., STERN and W. BROWN, JJ., dissent.

O'NEILL, C. J., dissenting. The ordinance in question here, Cincinnati Ordinance 901-d4, neither mentions nor is concerned with spoken words. Yet the majority adheres

---

[1] We are not here dealing with another troublesome word, "obscene." Suffice it to say, however, it would appear that the high court has concluded to date that no spoken words are obscene unless they serve to erotically stimulate. *Cohen* v. *California* (1971), 403 U. S. 15, 20.

to the former judgment of this court on the ground that defendant's utterances are fighting words which are punishable as a criminal act.

As noted in *Gooding* v. *Wilson* (1972), 405 U. S. 518, 523, the decisions of the United States Supreme Court "since *Chaplinsky* [*Chaplinsky* v. *New Hampshire* (1942), 315 U. S. 568] have continued to recognize state power constitutionally to punish 'fighting' words under carefully drawn statutes not also susceptible of application to protected expression * * *."

In my opinion, Cincinnati Ordinance 901-d4 is not a "carefully drawn" proscription of unprotected speech and is "susceptible of application to protected expression." Therefore, it is "constitutionally overbroad and * * * is facially invalid." *Lewis* v. *New Orleans* (1974), U. S. , 39 L. Ed. 2d 214, 220.

W. Brown, J., concurs in the foregoing dissenting opinion.

Stern, J., dissenting in part. Although I agree with the first two paragraphs of the syllabus in this case, I am constrained to dissent from the majority's judgment because I believe that appellant is entitled to a new trial.

What Justice Herbert has ably accomplished by his opinion is to limit the application of Cincinnati Ordinance 901-d4 to speech not protected by the United States Constitution. This was necessary because the ordinance was overly broad, and therefore susceptible of being struck down as facially unconstitutional.

Appellant was, however, convicted of violating the constitutionally suspect Ordinance 901-d4. In my view, that fact entitles him to have the criminality of his language specifically determined under the standards announced by the majority, and by a panel of jurors in whom we should repose the initial responsibility for judging the "fighting" nature of appellant's words.²

---

.²The "harmless error" standard of *Chapman* v. *California* (1967), 386 U. S. 18, has no application where the error complained of goes to the essential nature of the crime charged.