THE STATE OF OHIO, APPELLANT, *v.* HOFFMAN,
APPELLEE.

[Cite as State v. Hoffman (1979), 57 Ohio St. 2d 129.]

(No. 78-1318—Decided March 28, 1979.)

130

*Mr. Suart K. Miller,* for appellant.
*Mr. Thomas T. Flynn,* for appellee.

Donofrio, J. The Court of Appeals states that the issue in conflict is "whether R. C. 2917.11(A)(2) is unconstitu-

tionally vague and overbroad on its face," in violation of the First and Fourteenth Amendments to the United States Constitution.

R. C. 2917.11, in part, states:

"(A) No person shall recklessly cause inconvenience, annoyance, or alarm to another, by doing any of the following:

"(1) Engaging in fighting, in threatening harm to persons or property, or in violent or turbulent behavior;

"(2) Making unreasonable noise or offensively coarse utterance, gesture, or display or communicating unwarranted and grossly abusive language to any person;

"(3) Insulting, taunting, or challenging another, under circumstances in which conduct is likely to provoke a violent response;

"(4) Hindering or preventing the movement of persons on a public street, road, highway, or right-of-way, or to, from, within or upon public or private property so as to interfere with the rights of others, and by any act which serves no lawful and reasonable purpose of the offender;

"(5) Creating a condition which is physically offensive to persons or which presents a risk of physical harm to persons or property, by any act which serves no lawful and reasonable purpose of the offender."

The United States Supreme Court has stated that no matter how rude, abusive, offensive, derisive, vulgar, insulting, crude, profane or opprobrious spoken words may seem to be their utterance may not be made a crime unless they are "fighting words" as defined by that tribunal.

In *Cincinnati* v. *Karlan* (1974), 39 Ohio St. 2d 107, a case construing Section 901-d4, Code of Ordinances of Cincinnati, and contemplating a proscription similar to R. C. 2917.11(A)(2) herein, Justice Herbert, speaking for the majority, at page 110, stated:

"Therefore, persons may not be punished under Section 901-d4, Code of Ordinance of Cincinnati, for speaking boisterous, rude or insulting words, even with the intent

to annoy another, unless the words by their very utterance inflict injury or are likely to provoke the average person to an immediate retaliatory breach of the peace. *Cantwell* v. *Connecticut* (1940), 310 U. S. 296; *Chaplinsky* v. *New Hampshire* (1942), 315 U. S. 568; *Terminiello* v. *Chicago* (1949), 337 U. S. 1; *Cohen* v. *California* (1971), 403 U. S. 15; *Gooding* v. *Wilson* (1972), 405 U. S. 518; *Lewis* v. *New Orleans, supra* [(1974), 415 U. S. 130]."

The question inherent in the issue under consideration herein deals with the procedure in determining the constitutionality of R. C. 2917.11: May the statute be considered merely on its face or should it be authoritatively construed in light of the facts and the circumstances surrounding a case involving speech? This question was answered by a majority of this court in *Karlan, supra*. *Karlan* involved a conviction for breach of the peace and was appealed to the United States Supreme Court. That court vacated this court's original judgment of affirmance (35 Ohio St. 2d 34) and remanded the cause for further consideration in light of *Lewis* v. *New Orleans, supra*, which was decided subsequent to the publication of this court's first opinion in *Karlan*. This court's original ruling in *Karlan* was vacated for the reason that the ordinance as construed was susceptible of application to protected speech and was not narrowly defined so as to limit its application to "fighting words."* Ultimately, in this court's consideration of *Karlan, supra*, on remand, the ordinance under review was given an authoritative statutory consideration pertaining to the speech involved, at page 110, as follows:

"Insofar as appellant Karlan is concerned, we adhere to our former judgment. For, where epithets, used in a public place and wilfully directed at those who can hear them, are likely to provoke the average person to an immediate retaliatory breach of the peace, they are fighting words

---

*As in *Karlan*, no assertion is made here that defendant's words were obscene. Obscenity is not an issue in this case.

and the utterance thereof may be punished as a criminal act."

We find that the Court of Appeals below did not follow this method of construction with respect to R. C. 2917.-11. This procedure is inconsistent with our holding in *Karlan, supra.* Therefore, a person may not be punished under R. C. 2917.11(A)(2) for "recklessly caus[ing] inconvenience, annoyance, or alarm to another," by making an "offensively coarse utterance," or "communicating unwarranted and grossly abusive language to any person," unless the words spoken are likely, by their very utterance, to inflict injury or provoke the average person to an immediate retaliatory breach of the peace.

The trial court in the instant cause did not take evience in order to construe R. C. 2917.11(A)(2) in light of all the circumstances and the alleged speech of the defendant. Therefore, we cannot say whether defendant's words are likely to provoke the average person to an immediate retaliatory breach of the peace or that they are "fighting words" and the utterance thereof not protected by the United States Constitution.

Appellant is entitled to have the criminality of his language determined under the standards announced by this court. Therefore, the judgment of the Court of Appeal is reversed and the cause remanded to the trial court for further proceedings not inconsistent with this opinion.

*Judgment reversed and cause remanded.*

CELEBREZZE, C. J., HERBERT, SWEENEY and HOLMES, JJ., concur.

P. BROWN, J., concurs in the judgment.

W. BROWN, J., dissents for the reasons stated in his dissenting opinion in *State* v. *Welch* (1978), 53 Ohio St. 2d 47, at page 49.

DONOFRIO, J., of the Seventh Appellate District, sitting for LOCHER, J.

PAUL W. BROWN, J. I concur in the judgment. I do not find the statutory language overbroad. The described conduct may be legitimately proscribed, provided it does not interfere with protected First Amendment rights under the federal Constitution. Since the facts recited in the Court of Appeals opinion are not in the record, a remand is indicated to determine the utterances and their surrounding circumstances.