The STATE of Ohio, Appellee,

v.

PRESLEY, Appellant.

[Cite as *State v. Presley* (1992), 81 Ohio App.3d 721.]

Court of Appeals of Ohio,
Warren County.

No. CA92–01–010.

Decided July 6, 1992.

*Timothy A. Oliver,* Warren County, Prosecuting Attorney, and *Carolyn A. Duvelius,* Assistant Prosecuting Attorney, for appellee.

*Thomas T. Cole,* for appellant.

JONES, Presiding Judge.

Defendant-appellant, Tim Presley, appeals a decision by the Warren County Court finding him guilty of importuning pursuant to R.C. 2907.07(B).

On October 5, 1990, seventeen-year-old Kevin Kelley was in his yard mowing the grass. A man in a silver Cadillac drove up and stopped in the driveway. Kelley walked over to the car to see what the man wanted. The man rolled down the car window, pulled up his shirt, rubbed his stomach and asked Kelley if he wished to engage in a specific sexual act. Kelley indignantly told the man he was not interested and told the man to leave. At that point, in response to Kelley's demand, the man drove away.

The vehicle was later stopped and the driver was identified as appellant. Appellant was taken to the Springboro Police Department, where he gave a written statement admitting the above facts. He was also identified there by Kelley.

On October 16, 1990, appellant was charged with importuning pursuant to R.C. 2907.07(B), which reads as follows:

"No person shall solicit a person of the same sex to engage in sexual activity with the offender, when the offender knows such solicitation is offensive to the other person, or is reckless in that regard."

According to the Committee Comment to R.C. 2907.07, "[t]he rationale for prohibiting indiscreet solicitation of deviate conduct is that the solicitation in itself can be highly repugnant to the person solicited, and there is a risk that it may provoke a violent response."

At a bench trial, the trial court found appellant guilty as charged. Appellant was sentenced, but the sentence was stayed pending appeal. Appellant filed a timely notice of appeal on January 3, 1992. Appellant's sole assignment of error is that the trial court erred to appellant's prejudice in holding the "fighting words" doctrine applicable to the facts of appellant's case.

■ Appellant contends that his statements were constitutionally protected free speech for which he cannot be punished. Under R.C. 2907.07(B), persons may not be punished for soliciting a person of the same sex to engage in sexual activity with the offender, when the offender knows such solicitation is offensive to the other person, or is reckless in that regard, unless the solicitation, by its very utterance, inflicts injury or is likely to provoke the average person to an immediate breach of the peace. *State v. Phipps* (1979), 58 Ohio St.2d 271, 12 O.O.3d 273, 389 N.E.2d 1128, paragraph one of the syllabus.

■ Not all categories of speech are protected by the Constitution. There are well-defined and narrowly limited classes of speech, the prevention of which does not raise any constitutional problem, including lewd and obscene, profane and libelous speech, and insulting or fighting words which by their very utterance inflict injury or tend to incite an immediate breach of

the peace. *Chaplinsky v. New Hampshire* (1942), 315 U.S. 568, 571, 62 S.Ct. 766, 769, 86 L.Ed. 1031, 1034; *State v. Hoffman* (1979), 57 Ohio St.2d 129, 132, 11 O.O.3d 298, 300, 387 N.E.2d 239, 241. In determining whether this appellant's language or any other similar type language is fighting words, and as such restricted speech, one must look at the circumstances surrounding such utterance. *Lewis v. New Orleans* (1974), 415 U.S. 130, 94 S.Ct. 970, 39 L.Ed.2d 214; *State v. Laney* (1991), 61 Ohio Misc.2d 688, 692, 583 N.E.2d 479, 481.

■ The court in *Phipps, supra,* 58 Ohio St.2d at 278, 12 O.O.3d at 277, 389 N.E.2d at 1133, held that R.C. 2907.07(B) could be upheld as constitutional only to the extent that it proscribes the "fighting words" category of unprotected speech. In the present case, appellant contends that while his solicitation of Kelley may have been rude, offensive, and insulting, it did not rise to the level of fighting words, given the circumstances of the utterance. Thus, appellant uses the *Phipps* case to argue that his solicitation was protected speech.

The trial judge assessed the circumstances of the utterance under *Lewis, supra,* and came to the opposite conclusion. He held that appellant's solicitation in the context it was made and by virtue of the words used most certainly was grossly offensive and emotionally disturbing and would inflict injury. Further, the trial judge concluded that it was likely the average person would be provoked to a breach of the peace by such words in a similar context.

The facts of this case are before us pursuant to an agreed statement of the evidence prepared pursuant to App.R. 9(C) and are not as fully developed as they were at trial. In either a criminal or civil case, the weight to be given the evidence and the credibility of the witnesses are issues to be decided by the trier of fact. *State v. DeHaas* (1967), 10 Ohio St.2d 230, 231, 39 O.O.2d 366, 367, 227 N.E.2d 212, 213; *State v. Walker* (1985), 26 Ohio App.3d 29, 32, 26 OBR 198, 201, 498 N.E.2d 191, 194. In the present case, the trier of fact was the trial judge. As heretofore stated, the trial judge reviewed the facts and found appellant guilty. We hold that the trial court, sitting as the trier of fact, did not "clearly lose its way" and create such a manifest miscarriage of justice that the conviction must be reversed. *State v. Martin* (1983), 20 Ohio App.3d 172, 175, 20 OBR 215, 219, 485 N.E.2d 717, 720; *State v. Bradley* (June 25, 1986), Hamilton App. No. C–850733, unreported.

For the above reasons, appellant's assignment of error is overruled. The judgment of the trial court is hereby affirmed.

*Judgment affirmed.*

WILLIAM W. YOUNG, J., concurs.

KOEHLER, J., dissents.

KOEHLER, Judge, dissenting.

The record before this court is totally insufficient to support the trial court's conclusion that appellant's solicitation of a sexual act with the "victim" was made in such a manner to provoke the average person to an immediate breach of peace. The record fails to demonstrate injury, fright, or anxiety suffered by the "victim" contemporaneous with the solicitation. The young man solicited, seventeen years of age, reacted as an ordinary person, rejected the proposal and told appellant to "get out of here."

Appellee's brief introduces matters not in the record to establish factors upon which the majority has obviously relied in its affirmation. Appellant has cited substantial authority as to the fighting words exception to constitutionally protected speech to require a reversal of the trial court's judgment.