OPINION
This is an accelerated appeal from the judgment of the Portage County Court of Common Pleas.
On April 26, 2000, appellant and Officer Soika were at the Kent Municipal Courthouse. Appellant had previously been arrested by Officer Soika; however, their meeting at the courthouse, on April 26, 2000, was pure happenstance. It is undisputed that appellant and Officer Soika exchanged words both in the courthouse and also while they were in their respective vehicles immediately after leaving the courthouse. It is also undisputed that appellant used some explicit language toward Officer Soika and spit at the officer's vehicle.
Later that same day, Officer Soika filed a complaint with the Portage County Municipal Court, Kent Division, stating that appellant: "[d]id recklessly cause inconvenience, annoyance, or alarm to another by creating a condition which is physically offensive to persons or which presents a risk of physical harm to persons or property, by any act which serves no lawful and reasonable purpose to the offender." Appellant was charged with one count of disorderly conduct.
On August 3, 2000, appellant was convicted of disorderly conduct following a bench trial in the Portage County Municipal Court, Kent Division. From this judgment, appellant assigns his sole assignment of error:
 "[1.] The trial court erred in convicting the appellant for disorderly conduct since the conviction was against the manifest weight of the evidence."
The transcript in this case reveals that Officer Soika testified that, on April 26, 2000, appellant directed obscenities toward Officer Soika, threatened physical harm, and spat on Officer Soika's vehicle. Both appellant and his brother, Brian Dawson, testified that the officer initiated the exchange of words and spit gum into Brian Dawson's vehicle. Brian Dawson and appellant admit that appellant used obscenities toward Officer Soika and spat at the officer's vehicle.
Appellant argues that the trial court's conviction of disorderly conduct was against the manifest weight of the evidence. Appellant contends that words alone, without the officer also suffering an injury or being induced to immediate retaliatory breach of the peace, is an inadequate ground to convict appellant of disorderly conduct. Appellant relies on the Supreme Court's holding in State v. Hoffman (1979),57 Ohio St.2d 129, 387 N.E.2d 239. In Hoffman, the Ohio Supreme Court held:
 "1. A person may not be punished under R.C. 2917.11(A)(2) for `recklessly caus(ing) inconvenience, annoyance, or alarm to another,' by making an `offensively coarse utterance' or `communicating unwarranted and grossly abusive language to any person,' unless the words spoken are likely, by their very utterance, to inflict injury or provoke the average person to an immediate retaliatory breach of the peace. (Cincinnati v. Karlan, 39 Ohio St.2d 107, 314 N.E.2d 162, followed.)" State v. Hoffman (1979), 57 Ohio St.2d 129, 387 N.E.2d 239, paragraph one of the syllabus.
Appellee argues that appellant's reliance on Hoffman is misplaced and that the elements of Kent Codified Ordinance 509.03 and R.C. 2917.11 were met.
In Hoffman, the court held that "[t]he United States Supreme Court has stated that no matter how rude, abusive, offensive, derisive, vulgar, insulting, crude, profane, or opprobrious spoken words may seem to be their utterance may not be made a crime unless they are `fighting words' as defined by that tribunal." Id. at 131, 387 N.E.2d at 241.
The Supreme Court of the United States has defined limited classes of speech which are not constitutionally protected. These classes of unprotected speech include "fighting words." Chaplinsky v. NewHampshire (1942), 315 U.S. 568, 571-72, 62 S.Ct. 766, 769. Fighting words are those words which are likely by their very utterance to inflict injury or incite the average person to an immediate breach of the peace.Id. at 573, 62 S.Ct. at 770. Similarly, the Ohio Supreme Court has stated that: "[w]here epithets, used in a public place and willfully directed at those who can hear them, are likely to provoke the average person to an immediate retaliatory breach of the peace, they are fighting words, and the utterance thereof may be punished as a criminal act."City of Cincinnati v. Karlan (1974), 39 Ohio St.2d 107, 314 N.E.2d 162, paragraph two of the syllabus.
In determining whether the language rose to the level of fighting words, we must look at the circumstances surrounding the utterance.State v. Presley (1992), 81 Ohio App.3d 721,724, 612 N.E.2d 353. In the instant case, appellant, while in the municipal court house and a public road, both public places, made epithets directly to Officer Soika consisting of the following: "I'll kick your ass." "You're lucky you're in uniform or I'd kick your ass." "You're lucky you're a cop. Fuck you. You're an asshole." Officer Soika testified that appellant's behavior was annoying, alarming, an inconvenience and was physically abusive. Appellant's statements are likely to induce a reasonable person to an immediate breach of the peace; they are fighting words. Further, appellant admits that he spit on the officer's vehicle.
Appellant's argument that the language at issue in the instant case does not rise to the level of "fighting words" because the offended party was a police officer is without merit. We have previously noted that where the offended party is a police officer, a distinction lies in whether the "language was non-personal and not directed to the particular officer and language which was intentionally directed to the particular officer." State v. Wood (1996), 112 Ohio App.3d 621, 627-628,679 N.E.2d 735. In Wood, we held that "[t]o tell anyone, including a police officer, `fuck you,' either verbally or via an extended digit, may indeed constitute fighting words, depending on the circumstances." Id. at 628, 629 N.E.2d 740; In the Matter of Jessica Lutseck (Dec. 29, 2000), Trumbull App. No. 99-T-0130, unreported. Appellant's language and gestures constituted fighting words and were directly addressed to Officer Soika. Thus appellant's actions were not protected by the Constitution. The mere utterance of appellant's words constituted fighting words; it is irrelevant that Officer Soika was not actually "ready to fight."
The record contains evidence that appellant did more than merely shout obscenities at Officer Soika. Officer Soika testified that appellant threatened physical violence. Looking at the circumstances of this case, appellant's remarks rise to the level of fighting words as defined by both the Ohio and United States Supreme Court. Appellant's sole assignment of error is without merit.
For the foregoing reasons, the judgment of the Portage County Municipal Court, Kent Division, is affirmed.
 ________________________ ROBERT A. NADER, JUDGE
FORD, P.J., concurs, GRENDELL, J., concurs with concurring opinion.