**NOT RECOMMENDED FOR PUBLICATION**
File Name: 08a0304n.06
Filed: May 29, 2008

No. 06-4525

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| WILLIAM D. REYNOLDS, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | **ON APPEAL** FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| CHRIS SNIDER, LARRY MEYER and | ) | SOUTHERN DISTRICT OF OHIO |
| CLARK GRAY, | ) | |
| | ) | |
| Defendants-Appellants. | ) | |
| | ) | |
| | ) | |

BEFORE: MERRITT, CLAY and GILMAN, Circuit Judges

**MERRITT, Circuit Judge.** In the form stated in the brief of the three defendants-appellants, the single question in this appeal is whether "the District Court improperly denied the Brown County deputies' motion for summary judgment based upon qualified immunity as plaintiff's arrest on October 11, 2000, for persistent disorderly conduct was supported by probable cause and was reasonable under the circumstances." The plaintiff, supported by the findings and judgment of the District Court, claims that there is a material dispute of fact about whether the defendants' actions were "supported by probable cause."

The defendants arrested plaintiff for disorderly conduct after plaintiff invited the officers into his home to request that they investigate barking dogs in his neighborhood. Plaintiff then yelled,

cursed and asked the officers to leave when they did not (according to plaintiff) make an effort to

stop his neighbors from keeping barking dogs that interrupted his sleep and the peace of the

neighborhood. The disorderly conduct case went to trial in the state courts, and the plaintiff was

acquitted. The state court found that the officers did not have a basis in Ohio law for arresting the

plaintiff for yelling and cursing at the officers when they were in his home.

The Ohio Rev. Code § 2917.11(2) defines disorderly conduct as "making unreasonable noise

or an offensively course utterance, gesture, or display or communicating unwarranted and grossly

abusive language to any person. . . ." The state court found no such conduct.

Judge Weber in the District Court below declined to grant summary judgment to the officer-

defendants, stating his reasons as follows:

> The Deputies were present in plaintiff's home shortly after 4:30 a.m. on
> October 11, 2000 at plaintiff's invitation. Plaintiff terminated that invitation by
> ordering the Deputies to leave. This Court concludes that it was not objectively
> reasonable for the Deputies to ignore the request to leave given by plaintiff. Thus,
> the resolution of plaintiff's claim depends on the totality of the circumstances as they
> existed on October 11, 2000. These circumstances include whether the Deputy
> Sheriffs were acting in good faith.
>
> It has long been the law in Ohio that it is not a crime to make an offensively
> coarse utterance or communicate unwarranted and grossly abusive language to any
> person unless the words spoken are likely, by their very utterance, to inflict injury or
> provoke the average person to an immediate retaliatory breach of peace. *State v.*
> *Hoffman*, 57 Ohio St.2d 129 (1979). There is conflicting evidence whether plaintiff's
> conduct either inflicted any injury to the Deputies or would provoke them to breach
> the peace.
>
> Under the facts of this case, it was not objectively reasonable for the Deputies
> to arrest plaintiff; thus, plaintiff is entitled to proceed in this case on his First and
> Fourth Amendment claim against defendants. . . .

The plaintiff's claim is that the defendants were personally piqued at him, threw their weight around improperly and arrested him for disorderly conduct without probable cause, as required by the Fourth Amendment. After a hearing, the state court dismissed the case against plaintiff, finding that his loud conduct, although offensive to the officers, did not constitute the crime of disorderly conduct under state law. Plaintiff then brought a § 1983 action, claiming that defendants violated his constitutional rights for arresting him without probable cause. The District Court concluded that upon the facts presented there is a material dispute of fact concerning the officers' conduct and motives and, therefore, concluded that there is a material dispute about whether the officers arrested plaintiff without probable cause. As the District Court concluded, the officers have not met the test of "qualified immunity" under *Harlow v. Fitzgerald*, 457 U.S. 800 (1982), and its progeny because there is a factual dispute about the motive, purpose and intent of the officers — a factual issue that may require a jury trial under the Seventh Amendment ("in suits at common law . . . the right of trial by jury should be preserved").

In reviewing a claim of qualified immunity, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow*, 457 U.S. at 818. A district court's denial of a claim of qualified immunity is an appealable final decision to the extent that it turns on an issue of law. *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985); *Sheets v. Mullins*, 287 F.3d 581, 585 (6th Cir. 2002) ("[F]or appellate jurisdiction to lie over an interlocutory appeal, a defendant seeking qualified immunity must be willing to concede the facts as alleged by the plaintiff and discuss only the legal issues raised by the case.").

Where a defendant's arguments regarding qualified immunity "rely *exclusively* on a disputed version of the facts, this court does not have jurisdiction to consider [the] appeal." *McKenna v. City of Royal Oak*, 469 F.3d 559, 560 (6th Cir. 2006) (emphasis added).

In this appeal, we do not have appellate jurisdiction to review the denial of qualified immunity because factual disputes exist as to whether the officers had probable cause to arrest plaintiff.

Accordingly, the judgment of the District Court is AFFIRMED.