OPINION *Page 2 
{¶ 1} On March 29, 2008, appellant, Dava Wieger, was arrested for aggravated menacing in violation of R.C. 2903.21. Said charge arose from an incident wherein appellant threatened to burn down her neighbor's house.
 {¶ 2} On May 7, 2008, the complaint was amended to a charge of disorderly conduct in violation of R.C. 2917.11.
 {¶ 3} A bench trial commenced on May 22, 2008. By judgment entry filed same date, the trial court found appellant guilty, and ordered her to pay court costs up to $50.00.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 5} "APPELLANT WIEGER'S RIGHT TO FREEDOM OF SPEECH UNDER THEFIRST AMENDMENT TO THE UNITED STATES CONSTITUTION WAS VIOLATED WHEN THE TRIAL COURT ERRONEOUSLY FOUND HER SPEECH ALONE WAS SUFFICIENT TO ESTABLISH GUILT ON A CHARGE OF DISORDERLY CONDUCT."
 II {¶ 6} "THE STATE FAILED TO MEET ITS CONSTITUTIONAL BURDEN OF PROVING EACH ELEMENT BEYOND A REASONABLE DOUBT, IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT, WHEN IT FAILED TO INTRODUCE SUFFICIENT EVIDENCE TO SHOW THAT APPELLANT *Page 3 
WIEGER'S ACTIONS CAUSED INCONVIENCE (SIC), ANNOYANCE OR ALARM, AN ELEMENT OF DISORDERLY CONDUCT."
 I, II {¶ 7} Appellant claims her conviction for disorderly conduct (R.C. 2917.11) violated her right to freedom of speech guaranteed under theFirst Amendment to the United States Constitution and Section 11, Article I, of the Ohio Constitution, and there was insufficient evidence to support her conviction. We disagree.
 {¶ 8} Statutes enjoy a strong presumption of constitutionality.State v. Tooley, 114 Ohio St.3d 366, 376, 2007-Ohio-3698. Therefore, "a statute will be upheld unless proven beyond a reasonable doubt to be clearly unconstitutional." Id. "The constitutionality of R.C. 2917.11
must be authoritatively construed in light of the facts and the circumstances surrounding a case involving speech." State v.Hoffman (1979), 57 Ohio St.2d 129, paragraph two of the syllabus.
 {¶ 9} On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991), 61 Ohio St.3d 259. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Jenks at paragraph two of the syllabus, following Jackson v.Virginia (1979), 443 U.S. 307.
 {¶ 10} Appellant was convicted of disorderly conduct in violation of R.C. 2917.11 which states the following in pertinent part:
 {¶ 11} "(A) No person shall recklessly cause inconvenience, annoyance, or alarm to another by doing any of the following: *Page 4 
 {¶ 12} "(1) Engaging in fighting, in threatening harm to persons or property, or in violent or turbulent behavior;
 {¶ 13} "(2) Making unreasonable noise or an offensively coarse utterance, gesture, or display or communicating unwarranted and grossly abusive language to any person;
 {¶ 14} "(3) Insulting, taunting, or challenging another, under circumstances in which that conduct is likely to provoke a violent response;
 {¶ 15} "(4) Hindering or preventing the movement of persons on a public street, road, highway, or right-of-way, or to, from, within, or upon public or private property, so as to interfere with the rights of others, and by any act that serves no lawful and reasonable purpose of the offender;
 {¶ 16} "(5) Creating a condition that is physically offensive to persons or that presents a risk of physical harm to persons or property, by any act that serves no lawful and reasonable purpose of the offender."
 {¶ 17} In her brief at 4, appellant argues "R.C. § 2917.11, as applied to Appellant Wieger does not meet the constitutional requirement that `the power to regulate must be exercised as not . . . unduly to infringe the protected freedoms.' Cantwell v. Connecticut (1940), 310 U.S. 296,304." Appellant argues her words "were an expression of her frustrations and were protected by the First Amendment." See, Appellant's Brief at 4-5.
 {¶ 18} In light of the First Amendment to the United States Constitution and Section 11, Article I, of the Ohio Constitution, a disorderly conduct statute restricting speech "must be narrowly drawn so as to avoid criminalizing constitutionally protected conduct.Norwell v. Cincinnati (1973), 414 U.S. 14." Appellant's Brief at 6. *Page 5 
 {¶ 19} As appellant acknowledges, although we all hold dear theFirst Amendment protections, we are all aware that freedom of speech is not absolute. As such, there are classes of unprotected speech i.e., threatening words, obscene speech, fighting words, speech that interferes with the rights of others, speech that creates a clear and present danger, and defamatory speech. As charged sub judice, R.C. 2917.11(A)(1) is applicable to this case: "Engaging in fighting, in threatening harm to persons or property, or in violent or turbulent behavior." Appellant argues her statements did not rise to this level. We must review appellant's statements in the context of all the surrounding circumstances, and determine if her words were "threatening words."
 {¶ 20} Canton Police Officer Steve Fowler was dispatched to appellant's neighborhood relative to a "neighbor dispute and possibly a criminal trespassing charge." T. at 8. Upon his arrival, Officer Fowler described the scene as "calm except for the complainant." Id. Two women informed him that they were threatened by their neighbor, appellant and her husband, and the husband had come over into their yard and damaged their pool. Id.
 {¶ 21} Officer Fowler contacted appellant and described the conversation as "confrontational." T. at 9. Appellant wanted to confront Officer Fowler about the neighbor and the problems they were having "for quite some time." T. at 9-10. In speaking with Officer Fowler, appellant threatened "to burn the house down next door." T. at 10. Officer Fowler testified the statement alarmed him:
 {¶ 22} "Q. Okay. And did you confront her with that statement that she made to you? *Page 6 
 {¶ 23} "A. Yes I did.
 {¶ 24} "Q. And what was her reaction to that?
 {¶ 25} "A. So what, basically.
 {¶ 26} "Q. Now, did it alarm you that she said this statement?
 {¶ 27} "A. Yes it did.
 {¶ 28} "Q. And why would it — why would it alarm you?
 {¶ 29} "A. Well, number one, she lives right next door to these people. She was in a highly agitated state and as I said before, this had absolutely nothing to do with her. It had to do with her husband. So her confronting me in the first place was basically out of the ordinary.
 {¶ 30} "Q. She understood that you were a law enforcement officer?
 {¶ 31} "A. Yes she did.
 {¶ 32} "Q. Based on her comments that were made to you, did you at any point in time determine that there was enough reason for you to make an arrest?
 {¶ 33} "A. Yes I did. With — with the way that she was reacting during that whole time and the threat that she did make, I did take the threat seriously. I placed her under arrest for aggravated menacing." T. at 10-11.
 {¶ 34} Taking appellant's words in the broad context of the neighborhood dynamic, and in consideration of the trespass on the neighbor's property, we find appellant's words were indeed threatening; therefore, appellant's words did not fall under the "free speech" protections.
 {¶ 35} Assignments of Error I and II are denied. *Page 7 
 {¶ 36} The judgment of the Canton Municipal Court of Stark County, Ohio is hereby affirmed.
Farmer, P.J., Gwin, J. and Edwards, J., concur. *Page 8 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Canton Municipal Court of Stark County, Ohio is affirmed. Costs to appellant. *Page 1