NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0665n.06

No. 11-3699

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

**Jun 21, 2012**

LEONARD GREEN, Clerk

RAMZI K. HALASAH,

    **Plaintiff-Appellant,**

v.

CITY OF KIRTLAND; WAYNE
BAUMGART; JEFF FISHER,

    **Defendants-Appellees.**

)
)
)
)
)
)
)
)
)
)
)

**ON APPEAL** FROM THE UNITED
STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF
OHIO

Before: BOGGS, NORRIS, and KETHLEDGE, Circuit Judges.

**PER CURIAM.** Ramzi K. Halasah appeals the district court's grant of summary judgment in favor of the defendants in this civil rights action filed under 42 U.S.C. § 1983. For the reasons set forth below, we reverse and remand with respect to Halasah's false arrest and malicious prosecution claims but otherwise affirm the district court.

This case arises from Halasah's arrest for disorderly conduct. In the early morning hours of May 23, 2009, Halasah was called to collect his son, who was being detained on suspicion of underage possession of alcohol and trespassing, after officers with the Kirtland Police Department discovered the remnants of an outdoor party where teenagers had been drinking. Halasah arrived at the scene and, when he was informed that his son was being charged with alcohol consumption for being under the age of twenty-one and intoxicated, asked that his son be given a breathalyzer test, which the officers refused to do. Halasah alleged that he "had numerous questions" for the officers "regarding their proof and conduct that night." According to Officer Jeff Fisher, the investigating

officer, Halasah behaved in a disruptive manner. Halasah was told to leave the premises or be arrested, and he complied.

Officer Fisher prepared an incident report, which he forwarded to the prosecutor. After reviewing the incident report, the prosecutor determined that Halasah should be charged with disorderly conduct in violation of Ohio Revised Code § 2917.11(A)(4), a fourth-degree misdemeanor. Officer Fisher then filed a criminal complaint against Halasah in the Willoughby Municipal Court. A magistrate conducted a probable cause hearing and issued a warrant for Halasah's arrest. Halasah was arrested when he appeared in Cleveland Municipal Court on an unrelated traffic matter and was released after posting bond. The charges against Halasah were later reduced from a fourth-degree misdemeanor to a minor misdemeanor. After a bench trial, Halasah was acquitted.

Halasah then filed this § 1983 action against Officer Fisher, Police Chief Wayne Baumgart, and the City of Kirtland, alleging violations of his rights under the Fourth, Fifth, and Fourteenth Amendments and claiming false arrest, malicious prosecution, and failure to implement appropriate policies, customs, and practices. The defendants filed a motion for summary judgment, which the district court granted. The district court determined that the existence of probable cause foreclosed Halasah's false arrest and malicious prosecution claims and that he failed to demonstrate any constitutional violation by Chief Baumgart. The district court went on to conclude that Halasah's failure to establish a constitutional violation precluded municipal liability and entitled Officer Fisher and Chief Baumgart to qualified immunity. This timely appeal followed.

We review de novo the district court's decision to grant summary judgment in favor of the defendants. *Brooks v. Rothe*, 577 F.3d 701, 705 (6th Cir. 2009). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In reviewing the district court's decision, we view "the evidence and reasonable inferences therefrom in the light most favorable to

the non-moving party." *Barker v. Goodrich*, 649 F.3d 428, 432 (6th Cir. 2011) (internal quotation marks omitted).

As an initial matter, Halasah's opening brief barely mentions his claims against Chief Baumgart and the City of Kirtland. "It is well-established that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." *Dillery v. City of Sandusky*, 398 F.3d 562, 569 (6th Cir. 2005) (internal quotation marks omitted). We conclude that Halasah has waived these claims.

Halasah's false arrest and malicious prosecution claims against Officer Fisher remain. The district court concluded that these claims failed because probable cause existed for Halasah's arrest and prosecution. *See Sykes v. Anderson*, 625 F.3d 294, 305, 308 (6th Cir. 2010). Because an arrest based on a facially valid warrant approved by a magistrate provides a complete defense, Halasah must prove that in order to procure the warrant, Officer Fisher "knowingly and deliberately, or with a reckless disregard for the truth, made false statements or omissions that created a falsehood and such statements or omissions were material, or necessary, to the finding of probable cause." *Id*. at 305 (internal quotation marks omitted).

> Officer Fisher's criminal complaint against Halasah states:
>
> No person, shall recklessly cause inconvenience, annoyance, or alarm to another by doing any of the following: hindering or preventing so as to interfere with the rights of others, and by any act that serves no lawful and reasonable purpose to the offender[.]
>
> To wit: Argumentative, disruptive and continually interrupted officers while attempting to conduct official business. Repeatedly asked to refrain from these actions and repeatedly asked to leave before actually doing so.
>
> This being Disorderly Conduct. A violation of Ohio Revised Code 2917.11A4, a misdemeanor of the 4th degree[.]

Officer Fisher's complaint tracks the language of Ohio Revised Code § 2917.11(A)(4), but with a significant omission:

> No person shall recklessly cause inconvenience, annoyance, or alarm to another by doing any of the following: . . .
>
> (4) Hindering or preventing ***the movement of persons on a public street, road, highway, or right-of-way, or to, from, within, or upon public or private property***, so as to interfere with the rights of others, and by any act that serves no lawful and reasonable purpose of the offender.

Ohio Rev. Code § 2917.11(A)(4) (emphasis added). Disorderly conduct under Ohio Revised Code § 2917.11(A)(4) requires that the defendant hindered or prevented someone's movement—an element which is conspicuously absent from Officer Fisher's complaint. Based on Officer Fisher's incident report and the testimony presented at Halasah's bench trial, there is no evidence that Halasah hindered or prevented anyone's movement. In granting Halasah's motion for judgment of acquittal, the Willoughby Municipal Court found that:

> Mr. Halasah's actions did not hinder or prevent the movement of Officer Fisher. This conclusion is supported by the testimony of Officer Volk who indicated that Officer Fisher voluntarily moved from a location in which he was speaking with one of the parents and walked over to engage in a conversation with Mr. Halasah. Although Officer Fisher's testimony indicated that Mr. Halasah's actions caused him to stop what he was doing and prevented him from performing his duties, this is not a violation of the disorderly conduct statute at issue.

A reasonable juror could conclude that Officer Fisher knowingly and deliberately, or with a reckless disregard for the truth, omitted the movement element from the complaint and that this omission was material to the magistrate's finding of probable cause.

In addition, according to Officer Fisher's incident report, Halasah was asked to leave only once and, after Officer Fisher denied his request to shine a flashlight down the driveway so that he could see his way out, "left the scene without any further incident or discussion." The incident report creates a factual issue as to whether Officer Fisher falsely stated in the criminal complaint that Halasah was "repeatedly asked to leave before actually doing so."

The district court concluded that Officer Fisher was entitled to rely on the warrant even if he lacked probable cause to suspect Halasah of the hindering-movement offense. "[K]nowledge of the

precise crime committed," the district court reasoned, "is not necessary to a finding of probable cause provided that probable cause exists showing that a crime was committed by the defendant." *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 307 n.12 (6th Cir. 2005). But neither the district court nor the defendants point to any other crime for which Officer Fisher had probable cause to arrest Halasah. Halasah did not (1) "[m]ake[] unreasonable noise or an offensively coarse utterance . . . or display . . . grossly abusive language to any person" or (2) "[i]nsult[], taunt[], or challeng[e] another, under circumstances in which that conduct is likely to provoke a violent response." Ohio Rev. Code § 2917.11(A)(2), (3). Ohio courts have interpreted both provisions to prohibit fighting words only. *See State v. Hoffman*, 387 N.E.2d 239, 242 (Ohio 1979); *State v. Schiesswohl*, No. 44196, 1982 WL 2387, at *1 (Ohio App. June 3, 1982). Fisher himself admitted at Halasah's criminal trial that Halasah never used "fighting words." The district court was therefore incorrect to say that Fisher was indisputably entitled to rely on the warrant.

For the foregoing reasons, we AFFIRM the district court's decision to grant summary judgment as to Chief Baumgart and the City of Kirtland. We REVERSE, however, the district court's holding that Officer Fisher was entitled to rely on the arrest warrant. Genuine disputes of fact remain on that issue. That said, we leave it to the district court to decide whether other defenses warrant summary judgment in favor of Officer Fisher. This case is REMANDED for further consideration.