THE STATE OF OHIO, APPELLEE, *v.*
SEMPLE, APPELLANT.

(Nos. C-880559 and C-880572—
Decided July 26, 1989.)

*Terrence R. Cosgrove,* city prosecutor, and *Charles A. Rubenstein,* for appellee.

*Heuck & Ganson, Kenneth Heuck, Jr., Nippert & Nippert* and *Alfred K. Nippert, Jr.,* for appellant.

*Per Curiam.* The defendant-appellant, Charles G. Semple, was charged with disorderly conduct under R.C. 2917.11(A)(5), and pleaded not guilty. Prior to taking evidence, the trial court permitted the prosecution to amend the citation to charge Semple with a violation of R.C. 2917.11(A)(2). The court afforded Semple an opportunity to seek a continuance, which he declined, and then proceeded to trial. Semple was found guilty and was fined fifty dollars. He now asserts three assignments of error.

Semple's first two assignments of error address nearly the same issue. Semple first asserts that his conviction under R.C. 2917.11(A)(2) was contrary to the manifest weight of the evidence.

In his second assignment of error, Semple claims that his conviction was in error because it was based upon constitutionally protected speech that did not involve the use of fighting words.

Both assignments of error center on the fact that Semple's last utterance before being arrested was not understood by the arresting officer. The officer described the utterance at trial as being merely "something obnoxious." No witnesses testified that they heard the utterance. Because the last words out of Semple's mouth before the arrest were unintelligible, Semple argues that the weight of the evidence shows that no violation of R.C. 2917.11(A)(2) occurred, and that in any event the speech was protected under the First and Fourteenth Amendments because the prosecution failed to show that it amounted to fighting words. These assignments of error are not well-taken.

In focusing attention entirely upon the last words or utterances purported to have been spoken, Semple overlooks the arresting officer's testimony that Semple made several other, intelligible remarks which could sustain his conviction on both evidentiary and constitutional grounds. Among the insults and misconduct related by the officer was Semple's assertion to him that he was "probably on the take." We believe that these repeated insults were sufficiently provocative to constitute "fighting words," falling within the prohibition of R.C. 2917.11(A)(2) against causing "inconvenience, annoyance, or alarm to another, by doing any of the following: * * * (2) Making unreasonable noise or offensively coarse utterance, gesture, or display or communicating unwarranted and grossly abusive language to any person * * *." See *State* v. *Hoffman* (1979), 57

Ohio St. 2d 129, 11 O.O. 3d 298, 287 N.E. 2d 239.

In reviewing a claim that the judgment is against the manifest weight of the evidence, an appellate court reviews the entire record and determines whether the trier of fact lost its way in resolving conflicts in the evidence and created such a miscarriage of justice that the conviction must be reversed and a new trial ordered. *Tibbs* v. *Florida* (1982), 457 U.S. 31; *State* v. *Robinson* (1955), 162 Ohio St. 486, 55 O.O. 388, 124 N.E. 2d 148. The weight to be given the evidence and the credibility of witnesses are primarily for the trier of fact. *State* v. *DeHass* (1967), 10 Ohio St. 2d 230, 39 O.O. 2d 366, 227 N.E. 2d 212. Having reviewed the entire record, we are convinced that the trial judge did not lose his way in crediting the arresting officer's testimony over the testimony of the defendant and the other witnesses. The trial judge did not create a manifest miscarriage of justice by finding the defendant guilty. Because Semple's conviction was not against the manifest weight of the evidence, and because his speech constituted "fighting words," we overrule his first and second assignments of error.

Semple's third assignment of error asserts that the trial court erred by granting the prosecution's motion to amend the complaint immediately prior to trial, pursuant to Crim. R. 7(D). A review of the record, however, discloses that Semple was afforded the opportunity to seek a continuance pursuant to Crim. R. 7(D), and declined to do so. Accordingly, his third assignment is overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

SHANNON, P.J., and KLUSMEIER, J., concur.

GORMAN, J., dissents.

GORMAN, J., dissenting. I agree with the majority that repeated insults alone may reach the level of fighting words. Despite the defendant's rude and insulting language, spoken with intent to annoy the police officer during the execution of his duties, I do not find that his words were: (1) likely to inflict injury by their utterance, or (2) likely to provoke the average person to an immediate retaliatory breach of the peace, as required by *Cincinnati* v. *Karlan* (1974), 39 Ohio St. 2d 107, 68 O.O. 2d 62, 314 N.E. 2d 162, a decision which relies upon *Chaplinsky* v. *New Hampshire* (1942), 315 U.S. 568. Where fighting words are not at issue, the state cannot regulate pure speech under R.C. 2917.11(A)(2), and utterance of such language cannot be constitutionally punished, pursuant to the First Amendment. The recent decision in *Texas* v. *Johnson* (1989), 491 U.S. 397, 105 L. Ed. 2d 342, 109 S. Ct. 2533, leads me to conclude that the Supreme Court continues to adhere to *Chaplinsky, supra,* and its progeny whenever government proposes to punish speech. As a matter of law, I would reverse the defendant's conviction under R.C. 2917.11(A)(2). See *State* v. *Miller* (Mar. 29, 1976), Hamilton App. No. C-75383, unreported.