OPINION
On April 26, 1999, a complaint was filed against appellant, Jessica Lutseck, in the Trumbull County Court of Common Pleas, Juvenile Division, accusing her of disorderly conduct, in violation of R.C. 2917.11. In the complaint, the prosecution alleged that appellant had "recklessly cause[d] inconvenience, annoyance or alarm to another by means of fighting or threatening to harm persons." In the original complaint, appellant was charged with a crime that would be a minor misdemeanor if committed by an adult, but the complaint was later amended to charge her with a crime that would be a misdemeanor of the fourth degree if committed by an adult.
The matter was contested at a hearing held on July 6, 1999. At the hearing, Officer Brian Darbey of the Vienna Township Police Department testified that, on April 15, 1999, he went to appellant's house to investigate a possible hit-skip automobile accident involving appellant. According to Officer Darbey, when he got to the front door, appellant told him, "All you are is a mother fucking pig and we don't want you in our residence." She then proceeded to continuously yell "pig, mother fucking pig," while he tried to speak to her mother. Officer Darbey and appellant's mother agreed that he would come back later, when appellant's father was there. He testified that after he got in his car to leave, appellant ran up to the car and yelled at him, "All you are is a mother fucking pig and you're against me." Officer Darbey testified that he felt alarmed and threatened by appellant's behavior and comments and felt that she was going to attack him.
Appellant testified that the incident involving the hit-skip accident was not her fault and was the result of a dispute with members of the Kohn family who had previously assaulted her. She testified that she was frustrated because the Kohn family had repeatedly harassed her but police and school officials did nothing to stop them. Appellant testified that she only started yelling at Officer Darbey because she was upset that he would not listen to her side of the story. The charges for leaving the scene of an accident were eventually dismissed.
On July 9, 1999, the trial court found the charges filed against appellant to be true and adjudicated her a delinquent child. The court determined that appellant's "language and behavior was sufficient to prompt an immediate retaliatory breach of the peace by a reasonable person, removing the language from the realm of protected speech." Appellant raises the following assignment of error:
 "The Ohio disorderly conduct statute, Ohio Revised Code, Section 2917.11 is unconstitutional as enforced by the Trumbull County Court of Common Pleas, Juvenile Division in this matter."
At issue in the current appeal is whether the words spoken by appellant are punishable as disorderly conduct or protected as free speech. Appellant asserts that she was merely exercising her First Amendment right to criticize a police officer. This argument has been raised frequently in litigation and has been categorized under the label of "fighting words."
In Ohio, the leading case on this subject is Cincinnati v. Karlan
(1974), 39 Ohio St.2d 107, 314 N.E.2d 162, which determined that the statements "I hate all of you fucking cops," "get out of my way you fucking, prick-ass cops," and "prick-assed cop" made to a police officer were punishable. Karlan was decided on remand from the United States Supreme Court, see Karlan v. City of Cincinnati (1974), 416 U.S. 924,94 S.Ct. 1922, which directed the Supreme Court of Ohio to reconsider its original disposition of the case, see Cincinnati v. Karlan (1973),35 Ohio St.2d 34, 298 N.E.2d 573, in light of Lewis v. City of NewOrleans (1974), 415 U.S. 130, 94 S.Ct. 970.
In response, the Supreme Court of Ohio held that "* * * persons may not be punished for speaking boisterous, rude or insulting words, even with the intent to annoy another, unless the words by their very utterance inflict injury or are likely to provoke the average person to an immediate retaliatory breach of the peace (citations omitted)." Karlan, 39 Ohio St.2d at paragraph one of the syllabus. It defined "fighting words" as "epithets, used in a public place and willfully directed at those who can hear them [that] are likely to provoke the average person to an immediate retaliatory breach of the peace * * *." Id. at paragraph two of the syllabus.
In State v. Wood (1996), 112 Ohio App.3d 621, 679 N.E.2d 735, we noted that the Supreme Court of Ohio had determined, in State v. Hoffman
(1979), 57 Ohio St.2d 129, 387 N.E.2d 239, that R.C. 2917.11 was constitutional because it could be narrowly interpreted to limit its application to unprotected speech. We further concluded that, although the police officers were subject to verbal abuse as part of their jobs, actions directed specifically and intentionally at officers were not protected by the Constitution. In Wood, we held that to tell anyone, including a police officer, "fuck you," either verbally or via an extended digit, may indeed constitute fighting words, depending on the circumstances. Much like that conduct or calling a police officer a "prick-ass cop," as in Karlan, appellant's calling Officer Darbey a "mother fucking pig" was indeed injurious and could certainly provoke a retaliatory breach of the peace. Appellant's assignment of error is without merit.
The judgment of the Trumbull County Court of Common Pleas, Juvenile Division is affirmed.
 ___________________ NADER, P.J.
O'NEILL, J., MAHONEY, J., Ret., Eleventh Appellate District, sitting by assignment, concur.