This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
The appellant Angela J. Bozic is appealing from her conviction in the Akron Municipal Court for disorderly conduct. This Court affirms.
 I.
On the evening of September 1, 2000, Akron police officers were dispatched to the Country Manor Restaurant on East Market Street in Akron in response to a reported fight with injuries. University of Akron Police Officer Ben Campbell arrived on scene and found an emotionally charged crowd split along racial lines. The thirty to forty people massed were apparently upset over an assaulted female and whether a male subject was properly arrested or not. Thereafter, Akron Police Officer Greg Herchek arrived on scene to find the crowd shouting at each other in a manner that caused the officers concern.
Already a male subject was in custody in a police cruiser. EMS personnel arrived and administered treatment to an unconscious female victim before transporting her to Akron City Hospital. The officers attempted to get the crowd to disperse. Several officers departed the scene as a standard practice that typically caused them to disperse.
Officer Campbell was the last officer among the crowd. Officer Herchek had already returned to his vehicle, when he paused to observe Officer Campbell to make sure that he was able to reach his vehicle. Jeremy Cooper and Bozic approached Officer Campbell and began to demand additional arrests. Cooper claimed to work for the Attorney General's Office. Cooper was intoxicated; his eyes were blood shot, he smelled strongly of alcohol, and he spoke in an animated manner. Cooper persisted, demanding to speak to a supervisor. Three different times Officer Campbell advised Cooper that the incident was over, and to go inside the restaurant or otherwise disperse. Officer Herchek, noticing the extended exchange, returned in support.
Officer Herchek ordered Cooper to leave. Cooper became more animated, and his antics re-energized the dispersing crowd. People from the restaurant came back out again. Cooper was repeatedly warned to disperse, but Cooper refused and continued to agitate and energize the again growing crowd. Cooper began yelling at the crowd on the other side of the parking lot from where he stood. The crowd became more excited still and moved closer to where they were originally massed. Officer Herchek ordered Cooper to leave four more times. Cooper refused to comply, whereupon Officer Herchek advised Cooper that he was under arrest.
As Officer Herchek reached for his cuffs he heard incendiary yelling by Bozic: "You fucking Akron police, you're a bunch of pussies, you got the wrong people, this is fucking bullshit." Bozic ran over and hit into Officer Herchek, knocking him off balance. Bozic grabbed Cooper's left arm and forcibly pulled it away from Officer Herchek as he was executing his arrest of Cooper. Officer Herchek pushed Bozic away, and grabbed Cooper's arm again. Bozic screamed and yelled again: "You fucking Akron police, you never do anything. You're always out, you're a bunch of pussies, I can't fucking believe you're doing this to us, we didn't do anything, it's fucking bullshit."
The crowd continued to form again, and began yelling back and forth. As Officer Herchek loaded Cooper into a police van, he heard Bozic continuing to scream and yell. Officer Herchek approached Bozic and advised her to stop and to disperse. Bozic responded that she had her right to freedom of speech, and she continued with more agitating expletives. Officer Herchek again ordered Bozic to be silent and to disperse. Bozic refused, saying: "Fuck you."
Officer Herchek advised Bozic that she was under arrest. Bozic turned and ran. Officers Herchek and Campbell caught Bozic some twenty feet away, handcuffed her, and led her away over her continued protestations and expletives.
Bozic was charged with two counts of disorderly conduct, in violation of Akron City Code Sec. 132.01(A)(1) and (2). The matter proceeded to a jury trial. The jury found Bozic guilty of one count of disorderly conduct, in violation of Akron City Code Sec. 132.01(A)(2), and not guilty of the remaining charge. The trial court sentenced Bozic accordingly, and stayed the sentence pending the resolution of the direct appeal.
Bozic has timely appealed, asserting one assignment of error.
 II. ASSIGNMENT OF ERROR
 The evidence presented by the City of Akron was insufficient to support Appellant Bozic's conviction of disorderly conduct under Akron City Code 132.01(A)(2), where her words would not have incited an objectively reasonable officer to an immediate retaliatory breach of the peace. The conviction violated Appellant Bozic's due process rights under the Fourteenth Amendment of the United States Constitution and Article I, [Sec.] 11 of the Ohio Constitution.
In her sole assignment of error, Bozic claims that there was insufficient evidence to support a conviction for disorderly conduct because her words were protected speech. This Court disagrees.
The hallmark case of Cincinnati v. Karlan (1974), 39 Ohio St.2d 107, resolved the question of when free speech becomes unprotected fighting words in the context of police interaction. In Karlan, the Ohio Supreme Court determined that the statements "I hate all you fucking cops," "get out of my way you fucking, prick-ass cops," and "prick-assed cop," made to a police officer were unprotected fighting words punishable as disorderly conduct. See Id. at paragraph three of the syllabus. In reaching this conclusion, the Ohio Supreme Court held:
 [P]ersons may not be punished for speaking boisterous, rude or insulting words, even with the intent to annoy another, unless the words by their very utterance inflict injury or are likely to provoke the average person to an immediate retaliatory breach of the peace.
(Citations omitted.) Id. at paragraph one of the syllabus. Fighting words were defined as "epithets, used in a public place and willfully directed at those who can hear them [that] are likely to provoke the average person to an immediate retaliatory breach of the peace[.]" Id. at paragraph two of the syllabus.
In the instant case, Bozic was convicted of violating Akron City Code Sec. 132.01(A)(2), which states:
 No person shall recklessly cause inconvenience, annoyance, or alarm to another by * * * [m]aking unreasonable noise or an offensively coarse utterance, gesture, or display, or communicating unwarranted and grossly abusive language to any person[.]
The Ohio Supreme Court construed an identical statute, R.C. 2917.11(A)(2), and held that one could be punished for the use of fighting words. Statev. Huffman (1979), 57 Ohio St.2d 129, paragraph one of the syllabus. The probative test is an objective reasonable person standard. Id. at 133.
It must be underscored at the outset that though Karlan and Huffman
involved fighting words directed at police officers, the applicable test applied by the Ohio Supreme Court was a reasonable person standard andnot a reasonable police officer standard. This Court has been invited to edit the controlling authority of Karlan and Huffman by adding a new, more permissive fighting words standard against police officers. Bozic argues that this would be a good policy decision considering the training and experience of police officers. This Court declines the invitation. To so parse the fighting words exception would defy the broad regime of the present test. It would enact a host of incongruities, and beg the question of whether, say, roadside construction workers, teachers in high crime areas, social service workers, or even judges, professions all that occasionally encounter the uncouth, should have a permissively adjusted fighting words standard imposed against them by judicial fiat. Such group specific parsing of the First Amendment is unwarranted and unsupported by controlling authority. See Karlan and Huffman, supra.
This Court turns to consider then whether Bozic's words equate to punishable fighting words. Our review is informed by a closely analogous case recently issued by this Court:
 [O]ne of the officers testified that Appellant screamed "Fuck you," and "Fuck Akron police," six or seven times. Moreover, this same officer testified that after he asked Appellant to "shut up and move along," Appellant looked him in the eye, gestured with his middle finger, and yelled "Fuck you." Given these facts, this Court cannot conclude that the trial court clearly lost its way and created a manifest miscarriage of justice in finding that Appellant's comments were directed at the officers individually and were likely, by their very utterance, to inflict injury or provoke the average person to an immediate retaliatory breach of the peace.
Akron v. Lorenzo (Sep. 26, 2001), Summit App. No. 20475, unreported.
Here, Bozic stated the following to police: "You fucking Akron police, you're a bunch of pussies, you got the wrong people, this is fucking bullshit," "You fucking Akron police, you never do anything * * * it's fucking bullshit." When asked to disperse, Bozic continued a string of expletives. To the last such order, made after Bozic's outrageous behavior caused the crowd to form again after it was largely dispersed by police, Bozic offered "Fuck you," whereupon she was arrested.
Bozic's antics were a spark that reignited an already dispersed crowd. The First Amendment does not protect fighting words that incite a potential riot or constitute attacks against police.
Given the foregoing discussion, this Court concludes that the trial court's finding of guilt was supported by sufficient evidence. Accordingly, the sole assignment of error is overruled.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
DONNA J. CARR, BATCHELDER, P.J., SLABY, J. CONCUR.