OPINION
{¶ 1} Appellant Tabytha Fechuch appeals the decision of the Tuscarawas County Court of Common Pleas, Juvenile Division, that found her delinquent by reason of the commission of disorderly conduct in violation of R.C. 2917.11(A) (2
 {¶ 2} The incident giving rise to this appeal occurred on July 25, 2004. On this date, Barbara Moore left her residence, accompanied by her friend, Donnell Parks, and their children. The two women and their children were going to a local funeral home to assist in the making of funeral arrangements for a friend who had just died in an automobile accident. As the women and children approached Ms. Moore's vehicle, appellant screamed at Ms. Moore and Ms. Parks calling them "fucking bitches." Appellant also "flipped them off" by extending her middle finger.
 {¶ 3} Ms. Moore responded to appellant's conduct with a similar comment and gesture toward appellant. Thereafter, both women returned to Ms. Moore's residence and reported the incident to the Newcomerstown Police Department. As a result of the incident, the police charged appellant with disorderly conduct in violation of R.C. 2917.11(A)(2).
 {¶ 4} The juvenile court conducted an adjudicatory hearing on November 16, 2004. At the conclusion of the state's case, appellant moved to dismiss the complaint on the grounds that there was insufficient evidence upon which the court could find a violation of the disorderly conduct statute. The juvenile court denied appellant's motion. Subsequently, on November 19, 2004, the juvenile court found appellant to be delinquent by reason of the commission of disorderly conduct. The juvenile court ordered appellant to work ten days in the court's community service work program and pay court costs incurred in the action.
 {¶ 5} Appellant timely filed a notice of appeal and sets forth the following assignments of error for our consideration:
 {¶ 6} "I. INSUFFICIENT EVIDENCE SUPPORTED APPELLANT'S ADJUDICATION OF DELINQUENCY BY REASON OF VIOLATION OF R.C. § 2917.11(A)(2), AS JUVENILES (SIC) ALLEGED UTTERANCE AND ALLEGED GESTURE WERE CONSTITUTIONALLY-PROTECTED EXPRESSION.
 {¶ 7} "II. JUVENILE'S ADJUDICATION OF DELINQUENCY WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 I {¶ 8} In her First Assignment of Error, appellant maintains her conviction for disorderly conduct, in violation of R.C. 2917.11(A)(2), is against the sufficiency of the evidence. We agree.
 {¶ 9} On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991), 61 Ohio St.3d 259. Based upon our review of the record in this matter, we conclude appellant's conduct does not support a conviction for disorderly conduct.
 {¶ 10} The police charged appellant with a violation of R.C.2917.11(A)(2). This statute provides as follows:
 {¶ 11} "(A) No person shall recklessly cause inconvenience, annoyance or alarm to another by doing any of the following:
 " * * * {¶ 12} "(2) Making unreasonable noise or an offensively coarse utterance, gesture, or display or communicating unwarranted and grossly abusive language to any person."
 {¶ 13} Initially, we recognize that the First Amendment to the United States Constitution protects an individual's freedom to speak as he or she thinks. Whitney v. California (1927), 274 U.S. 357, 375, overruled in part by Brandenburg v. Ohio (1969), 395 U.S. 444. However, the freedom to speak is not absolute. See, e.g., Miller v. California (1973), 413 U.S. 15,23. The First Amendment does not protect categories of speech that form "* * * no essential part of any exposition of ideas, and are of such slight social value as a step to truth that any benefit that may be derived from them is clearly outweighed by the social interest in order and morality." Chaplinsky v. New Hampshire (1942), 315 U.S. 568, 571.
 {¶ 14} Classes of unprotected speech include: (1) speech that creates a clear and present danger; (2) obscene speech; (3) defamatory speech; and (4) "fighting words." If the speech falls within an unprotected category, the state may regulate and punish the speech. See Gooding v.Wilson (1972), 405 U.S. 518, 521-522. If, however, the speech does not fall within an unprotected class, the First Amendment prohibits the state from regulating and punishing the protected speech unless the state demonstrates that regulation of the speech "is necessary to serve a compelling state interest and that [the regulation] is narrowly drawn to achieve that end." Widmar v. Vincent (1981), 454 U.S. 263, 268.
 {¶ 15} For purposes of this appeal, we are concerned with the unprotected category of speech constituting fighting words. "Fighting words" are words which "by their very utterance inflict injury or are likely to provoke the average person to an immediate retaliatory breach of the peace." Cincinnati v. Karlan (1974), 39 Ohio St.2d 107, 110. In determining whether a defendant's speech constitutes fighting words, evidence in the record must demonstrate that the words inflicted injury upon the addressee or that the words would have likely provoked the average person to an immediate retaliatory breach of the peace. State v.Hoffman (1979), 57 Ohio St.2d 129, 133.
 {¶ 16} In the case sub judice, we find appellant's conviction is against the sufficiency of the evidence because even if we determined appellant's comment and gesture constituted fighting words, the record lacks evidence that her comment and gesture inflicted injury or provoked Ms. Moore or Ms. Parks to an immediate retaliatory breach of the peace. The testimony presented at the adjudicatory hearing supports this conclusion.
 {¶ 17} On cross-examination, Ms. Moore testified as follows on the issue of whether appellant's conduct inflicted injury or provoked her to an immediate retaliatory breach of the peace:
 {¶ 18} "Q. When she called you this name on the 25th and lifted her middle finger to you, did you feel like running over there and punching her?
 {¶ 19} "A. No.
 {¶ 20} "Q. Didn't enter your head at all?
 {¶ 21} "A. No.
 {¶ 22} "Q. Did you feel like retaliating against her in any way?
 {¶ 23} "A. No. If I would have felt like that, I would have never went and called the cops. I would have walked over there. That's not what I did, I went in and called the police and had them let me fill out a statement so then something was on record about what happened. Tr. Adjudicatory Hrng., Nov. 16, 2004, at 23-24.
 {¶ 24} Ms. Parks also testified, on cross-examination, that appellant's conduct did not cause her injury or provoke her to an immediate retaliatory breach of the peace. Specifically, Ms. Parks stated as follows:
 {¶ 25} "Q. * * * When you heard her say this, these words, there goes the fucking bitches. Did you feel like going over there and punching her?
 {¶ 26} "A. Nope, it's not worth my time. I've got kids to raise.
 {¶ 27} "Q. You just laughed and turned away?
 {¶ 28} "A. I laughed, turned around and walked back in the house and called the cops.
 {¶ 29} "Q. You didn't even feel inspired to yell anything back?
 {¶ 30} "A. No, I've got kids, I'm a mother.
 {¶ 31} "Q. Okay.
 {¶ 32} "A. I'm an adult, I, I skipped that stage, it's time to grow up.
 {¶ 33} "Q. Okay. And because you're very grown up, you didn't even feel any need to flip her off again?
 {¶ 34} "A. I didn't flip her off the first time.
 " * * * {¶ 35} "Q. Were you incited to do any immediate retaliatory breach of the peace?
 {¶ 36} "A. Excuse me?
 {¶ 37} "Q. Did you feel like retaliating in any way?
 {¶ 38} "A. Nope, I turned around and went in the house. I told you, I went in and called the cops. That's their job. They deal with people like that." Id. at 36-37.
 {¶ 39} Thus, based on the above testimony of Ms. Moore and Ms. Parks, we conclude the evidence presented at the adjudicatory hearing was insufficient to establish that appellant committed the offense of disorderly conduct pursuant to R.C. 2917.11(A)(2). In general, something more than mere profanity is required to constitute fighting words. Cityof Chillicothe v. Lowery (July 13, 1998), Case No. 97 CA 2331, at 7. In all of the cases upholding convictions for disorderly conduct involving profanity, the courts found that the profanity was used in a situation that likely could have become violent. Id.
 {¶ 40} As noted by the above testimony, there is no evidence from which to conclude that either Ms. Moore or Ms. Parks were likely to respond in a violent manner to appellant's profanity. We conclude appellant's language was not "inherently likely to provoke a violent reaction" from the "ordinary citizen." Although we do not condone appellant's use of profanity, we find that the profanity used by appellant does not fall within an unprotected category of speech. As the Fourth District Court of Appeals stated in Lowery, supra, "* * * appellant's use of the words at issue exhibit a lack of imagination, a lack of self-control, and a lack of civility and respect for others. The issue at the heart of this case, however, is whether appellant's language choice constitutes a crime. `[W]hile we do not condone the use of profanity toward * * * [others] * * *' the evidence in the case at bar fails to demonstrate `a course of conduct that transcends the exercise of free speech.'" [Citations omitted.] Lowery at 8.
 {¶ 41} Accordingly, appellant's First Assignment of Error is sustained. We will not address the merits of appellant's Second Assignment of Error as it is moot based upon our disposition of appellant's First Assignment of Error.
 {¶ 42} For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, Tuscarawas County, Ohio, is hereby reversed.
Wise, J. Boggins, P.J., and Farmer, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Juvenile Division, Tuscarawas County, Ohio, is reversed.
Costs assessed to Appellee State of Ohio.