DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Kathleen Gatto, appeals her conviction in the Ottawa County Municipal Court for one count of disorderly conduct, a violation of R.C. 2917.11(A)(2) and a minor misdemeanor offense. For the reasons that follow, we reverse.
 {¶ 2} The facts giving rise to this appeal are as follows. On August 5, 2006, appellant was charged with disorderly conduct. A bench trial commenced on August 30, *Page 2 
2006. George Weisenbach testified that he lives on Middle Bass Island in Ottawa County. He works as a real estate appraiser and serves as the island's fire chief. On August 5, 2006, he was driving an ambulance southbound on Fox Road when he encountered approximately six bicyclists traveling northbound, some of whom were riding four abreast. Weisenbach testified that because he was worried for their safety, he yelled out to them "[R]ide single file." Appellant, one of the bicyclists, responded "[G]o fuck yourself." Weisenbach stopped his vehicle and threatened to use his radio to call the police to force the cyclists to ride single file. Weisenbach testified that appellant then responded "[T]ake the fucking radio and stick it up your fucking ass." Because appellant's comments upset Weisenbach, he testified that he called the police. As a result, appellant was charged with disorderly conduct. Specifically, she was accused of making unreasonable noise or an offensively coarse utterance, gesture, or display or communicating unwarranted and grossly abusive language to a person. R.C. 2917.11(A)(2).
 {¶ 3} Appellant took the stand and denied she used any profanity on August 5, 2006. She testified that when Weisenbach yelled to her and her friends to ride single file, one of her friends responded "[M]ind your own business." When Weisenbach threatened to call the police, appellant testified that another one of her friends responded "[Go ahead]." Two other witnesses present that day took the stand and corroborated appellant's version of events. *Page 3 
 {¶ 4} Appellant was found guilty and was fined $50 plus court costs. Appellant now appeals setting forth the following assignments of error:
 {¶ 5} "I. The trial court did not have jurisdiction over the defendant as the minor misdemeanor citation was not properly signed or sworn by a law enforcement officer."
 {¶ 6} "II. The decision of the trial court finding the defendant guilty of disorderly conduct was against the manifest weight of the evidence and the law as the alleged profanity used by the defendant was "protected speech" and not "fighting words."
 {¶ 7} In her first assignment of error, appellant contends that the trial court lacked jurisdiction over her because the complaint was not properly signed or sworn by a law enforcement officer. Appellant cites Crim.R. 4.1 which states in pertinent part:
 {¶ 8} "D) Duty of law enforcement officer
 {¶ 9} "A law enforcement officer who issues a citation shall complete and sign the citation form, serve a copy of the completed form upon the defendant and, without unnecessary delay, swear to and file the original with the court."
 {¶ 10} The record in this case contains the original citation against appellant that was filed with the court. It reads:
 {¶ 11} "The issuing charging law enforcement officer states under the penalties of perjury and falsification that he has read the above complaint and that it is true."
 {¶ 12} Underneath the above sentence, is the arresting officer's signature. We find this to be in compliance with Crim.R. 4.1(D). Accordingly, appellant's first assignment of error is found not well-taken. *Page 4 
 {¶ 13} In her second assignment of error, appellant contends that her conviction was against the manifest weight of the evidence.
 {¶ 14} Under a manifest weight standard, an appellate court sits as a "thirteenth juror" and may disagree with the fact-finder's resolution of the conflicting testimony. State v. Thompkins, supra at 387. The appellate court, "`reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against conviction.'" Id., quoting State v. Martin (1983), 20 Ohio App.3d 172,175.
 {¶ 15} Appellant first contends that the state failed to prove that she used any profanity in addressing appellant. As a reviewing court, we must defer to the factual findings of the trier of fact regarding the weight to be given the evidence and credibility of witnesses, State v.DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. Accordingly, appellant's argument is without merit.
 {¶ 16} Appellant next contends that the language she was accused of using amounted to protected speech as opposed to fighting words.
 {¶ 17} The Supreme Court of the United States has defined limited classes of speech which are not constitutionally protected. These classes of unprotected speech include "fighting words." Chaplinsky v.New Hampshire (1942), 315 U.S. 568, 571-72, *Page 5 62 S.Ct. 766, 769. Fighting words are those words which are likely by their very utterance to inflict injury or incite the average person to an immediate breach of the peace. Id. at 573, 62 S.Ct. at 770. Similarly, the Ohio Supreme Court has stated that: "[w]here epithets, used in a public place and willfully directed at those who can hear them, are likely to provoke the average person to an immediate retaliatory breach of the peace, they are fighting words, and the utterance thereof may be punished as a criminal act." City of Cincinnativ. Karlan (1974), 39 Ohio St.2d 107, paragraph two of the syllabus. InTerminiello v. Chicago (1949), 337 U.S. 1, 69 S.Ct. 894, 93 L.Ed. 1131, the United States Supreme Court narrowed the scope of fighting words by stating that making the listeners angry is not enough; incitement to violence is required. In Cohen v. California (1971), 403 U.S. 15,91 S.Ct. 1780, 29 L.Ed.2d 284, the court held that profane, offensive language is nonetheless protected First Amendment speech.
 {¶ 18} In this case, Weisenbach and appellant were separated by a car door and they were traveling in opposite lanes of traffic. Weisenbach testified that the words appellant used "upset" him and that he was "surprised" by her response. At no time did Weisenbach ever claim he was incited to violence because of her response. In fact, Weisenbach testified that after the encounter, he continued driving until he saw Officer Scott Doty. He then reported to Doty that the cyclists had been riding in a dangerous manner. Our review of the record convinces us that the state failed to prove the essential element that the appellant's words were such as to provoke a violent response from *Page 6 
others. See Toledo v. Grince (1989), 48 Ohio App.3d 126. Accordingly, appellant's second assignment of error is found well-taken.
 {¶ 19} On consideration whereof, the judgment of the Ottawa County Municipal Court is reversed. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Ottawa County.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
 Peter M. Handwork, J., Arlene Singer, J., William J. Skow, J., CONCUR. *Page 1