THE STATE OF OHIO, APPELLEE, *v.* CALLAHAN, APPELLANT.

(No. C-880008 — Decided March 15, 1989.)

*Richard A. Castellini,* city solicitor, *Terrence R. Cosgrove,* city prosecutor, and *Michael K. Allen,* for appellee.

*Condit & Dressing Co., L.P.A.,* and *Charles T. Lester, Jr.,* for appellant.

*Per Curiam.* This cause came on to be heard upon an appeal from the Hamilton County Municipal Court.

Defendant-appellant Rosemary Callahan was convicted of disorderly conduct after a trial without a jury. She asserts two assignments of error, both of which we find to be without merit.

The record reveals that on October 17, 1987, at about 10:30 a.m., a group of more than twenty-five abortion protesters was picketing outside the Margaret Sanger Center in Cincinnati. A man suddenly drove his car recklessly into the driveway of the Sanger Center at a high rate of speed, nearly striking some of the picketers. Police officer Steven Leugers, who was assigned to monitor the picketing, went across the street through the group of picketers to talk to the driver of the car. Leugers stated that the crowd became very excited and tense after the car sped near them. Defendant screamed at Leugers as he walked toward the building, calling him a "pig," a "Nazi" and a "Gestapo." As Leugers returned from the building, defendant again approached him and again began to scream at him. Leugers then made the decision to cite defendant for disorderly conduct. Leugers and another officer testified that the situation had become highly volatile and that from their past experience with crowds in the area, they were concerned that violence could develop.

Defendant asserts in the first assignment of error that her conduct did not constitute the offense of disorderly conduct, arguing that she

was punished merely for exercising the protected right of free speech under the First Amendment. We do not agree. While epithets directed at a police officer, standing alone, would be protected speech, the evidence here shows that defendant was berating Officer Leugers "at the top of her lungs" in the midst of a crowd that had just become excited and angered by the proximity of a speeding car, that defendant repeated her insults after the officer asked her to desist, and that the volatility of the situation produced a realistic likelihood of violence. As in *State v. Bryan* (Mar. 28, 1984), Hamilton App. No. C-830553, unreported, we find a course of conduct that transcends the exercise of free speech and that may properly justify a conviction for disorderly conduct. The first assignment of error is overruled.

The second assignment of error is that the trial court erred by overruling defendant's objection to the police officers' testimony about their concern for violence in the crowd. Defendant argues that this testimony was too speculative. The admission or exclusion of evidence in any case is a matter committed to the sound discretion of the trial court, and a ruling thereon will be reversed only upon a showing of an abuse of that discretion amounting to prejudicial error. *State v. Aqeel* (Apr. 29, 1987), Hamilton App. Nos. C-860272 and C-860273, unreported. We do not find that the trial court abused its discretion in this case when it decided to admit the police officers' testimony. Therefore, the second assignment of error is overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

HILDEBRANDT, P.J., SHANNON and UTZ, JJ., concur.