The STATE of Ohio, Appellee,

v.

FANT, Appellant.

[Cite as *State v. Fant* (1992), 79 Ohio App.3d 458.]

Court of Appeals of Ohio,
Hamilton County.

No. C–910682.

Decided May 6, 1992.

*Mary Fay D. Dupuis,* City Solicitor, *Terrence R. Cosgrove,* Prosecuting Attorney, and *Chad C. Warwick,* Assistant Prosecuting Attorney, for appellee.

*Elizabeth E. Agar* and *R. Scott Croswell,* for appellant.

---

*Per Curiam.*

This cause came on to be heard upon the appeal, the transcript of the docket, journal entries and original papers from the Hamilton County Municipal Court, the transcript of the proceedings, and the briefs and arguments of counsel. We have *sua sponte* removed this case from the accelerated calendar and placed it on the regular calendar of this court.

The defendant-appellant, Quincy Fant, appeals from his conviction in a bench trial for disorderly conduct. In his single assignment of error he contends that his conviction was against the manifest weight of the evidence for two reasons: (1) he was punished for using speech protected under the First Amendment, and (2) the state failed to prove the elements of disorderly conduct as charged in the complaint. The assignment of error is without merit.

The defendant was found guilty of a violation of R.C. 2917.11(A)(5), which states in pertinent part:

"No person shall recklessly cause inconvenience, annoyance, or alarm to another by * * * creating a condition * * * which presents a risk of physical harm to persons or property, by any act which serves no lawful and reasonable purpose of the offender."

The state presented evidence that Police Officers Hils and Kammer responded to a reported fight at a White Castle parking lot. Upon their arrival, they stopped an automobile with four or five persons inside and detained the driver after they learned that there was an outstanding felony warrant for his

arrest. Other officers at the scene questioned and attempted to handcuff the driver. During the arrest groups of people on the street approached and harassed the officers, repeatedly stating that the only reason for the driver's arrest was because he is black. The defendant then confronted Officers Hils and Kammer, loudly protesting the driver's arrest. Officer Hils testified that on two occasions he escorted the defendant thirty to forty yards away from where the officers were having difficulty handcuffing the driver due to his large size. The defendant returned both times yelling as he approached within five feet of the officers to question their authority to arrest the driver. Officer Hils testified that the second time the defendant returned he arrested him because "our safety was in jeopardy, especially with the big guy we just arrested."

The defendant argues that the sole basis for his arrest was speech protected by the First Amendment, which did not justify a conviction for disorderly conduct even though the charge was brought under R.C. 2917.-11(A)(5). *Cincinnati v. Karlan* (1974), 39 Ohio St.2d 107, 68 O.O.2d 62, 314 N.E.2d 162. To determine if speech is protected, the speech must be construed in light of the surrounding facts and circumstances. *State v. Hoffman* (1979), 57 Ohio St.2d 129, 11 O.O.3d 298, 387 N.E.2d 239, paragraph two of the syllabus. We have held that otherwise protected speech used by one who persists in loudly berating a police officer on a crowded street transcends the exercise of protected speech and may properly form the basis of criminal conduct in violation of state law. *State v. Callahan* (1989), 48 Ohio App.3d 306, 549 N.E.2d 1230; *State v. Bryan* (Mar. 28, 1984), Hamilton App. No. C-830553, unreported, 1984 WL 6816. In this case the state's evidence established that defendant persisted in disregarding Officer Hils's instructions by returning to the potentially hostile scene of the arrest, where, in the presence of bystanders, he accused the police officers of making the arrest only because the suspect is black. Under these circumstances the trial court properly found that the violation of R.C. 2917.11(A)(5) was based on the defendant's persistent conduct rather than on what he said.

The defendant further contends that the state failed to prove that he acted recklessly in light of evidence showing that Officers Hils and Kammer were not actively engaged in arresting the driver when he approached them. He contends as well that there was a failure of proof to justify the conclusion that his acts served no lawful and reasonable purpose when the only evidence on this element was his own testimony that he approached the officers to ask if he could remove the vehicle and give the girlfriend of the arrested driver a ride home.

During his testimony, the defendant contradicted the state's witnesses by denying that Officer Hils escorted him from the arrest scene, and by maintaining that he never came within fifteen feet of Officers Hils and Kammer before his arrest. There is credible evidence in the record, however, which supports the trial court's conclusion that the defendant acted recklessly as defined in R.C. 2901.22(C). Defendant's return on two occasions to the scene of the arrest was evidence of "heedless indifference to the consequences" which caused inconvenience, annoyance and alarm to the police officers at the scene of the arrest, thereby presenting a risk of physical harm to them.

The record otherwise contains ample evidence to justify a finding that the defendant's persistent confrontations with the officers had no reasonable and lawful purpose. Where there is evidence of substance and probative force tending to show that, absent a lawful or reasonable purpose, the effect of the defendant's reckless, if not intentional, course of conduct was to cause inconvenience, annoyance and alarm to police officers at the scene of an arrest and to create a risk to the officers' safety, it cannot be said that the conviction for disorderly conduct was against the manifest weight of the evidence.

Accordingly, the assignment of error is overruled, and the judgment is affirmed.

*Judgment affirmed.*

SHANNON, P.J., HILDEBRANDT and GORMAN, JJ., concur.