*551 SABERS, Justice
(dissenting).
[¶ 17.] I respectfully dissent. As recognized by the majority, fighting words are “those [words]' which by their very utterance inflict injury or tend to incite an immediate breach of the peace.” Chaplinsky, 315 U.S. at 572, 62 S.Ct. at 769, 86 L.Ed. 1031 (emphasis added). Under this definition, the words spoken need not actually incite an immediate breach of the peace. Rather, they need only tend to incite an immediate breach. Furthermore, “[t]he test is what men of common intelligence would understand would be words likely to cause an average addressee to fight.” Id. at 573, 315 U.S. 568, 62 S.Ct. at 770, 86 L.Ed. 1031.
[¶ 18.] Under the facts of this case— where an individual spewed the most distasteful profanities at police officers at two o’clock in the morning amidst hundreds of people, the majority of whom were likely intoxicated or under the influence of alcohol — the defendant’s words had the tendency to provoke not only an average addressee but also a member of the crowd in this mob-like setting. See City of Eastlake v. Kirkpatrick, 2007 WL 4485183, at *4 (OhioCtApp Dec. 21, 2007) (unpublished). In discussing a case similarly involving police and a nearby crowd, the Ohio Appellate Court stated:
[I]f the defendant’s words are likely to incite others, profanity in the presence of a police officer may constitute fighting words. In State v. Dickey, [75 Ohio App.3d 628, 600 N.E.2d 365 (1991),] several officers responded to a fight at an apartment complex. The officers arrested one individual, and a second individual began to strike an officer. Thereafter, the defendant taunted the police officers, calling one of them an “ ‘asshole pig.’ ” This court held that the appellant’s comments were not protected speech, because they could have enticed other members of the crowd into further action against the police. In State v. Callahan, [48 Ohio App.3d 306, 549 N.E.2d 1230 (1989),] the defendant made several derogatory comments to a police officer at an abortion protest. The First District held that the defendant’s conduct of berating the officer, in the midst of a crowd that was excited and angered, and after requests to desist, was such that it was likely to produce violence.
Id. (internal citations omitted). In this case, the crowd’s reaction seems atypical, or at least unexpected for the situation, especially considering that the bar patrons congregating on the sidewalk may have been looking for further action. It is surprising to me that no one joined the defendant in yelling profanities at the police or even hurled objects at the patrol car. Thankfully, defendant’s words did not incite an actual breach of the peace. However, the facts of this case are such that defendant’s speech tended to incite a breach of the peace. Such speech is not protected under the Constitution, and the trial court’s determination of the same was reasonable.