[Cite as *State v. Starks*, 2011-Ohio-6118.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-100763 |
| | | TRIAL NO. 10CRB-22370 |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| ZAKEYA STARKS, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Municipal Court

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  November 30, 2011

*John P. Curp*, City Solicitor, *Charles A. Rubenstein*, City Prosecutor, and *Kevin O. Donovan*, Senior Assistant City Prosecutor, for Plaintiff-Appellee,

*Robert R. Hastings, Jr.*, and *Susannah H. Meyer*, for Defendant-Appellant.

Please note:  This case has been removed from the accelerated calendar.

**SYLVIA S. HENDON, Judge.**

{¶1}    Defendant-appellant Zakeya Starks appeals her conviction for disorderly conduct under R.C. 2917.11(A)(2).

{¶2}    On July 13, 2010, after receiving several complaints, Cincinnati Police Officer Jarred Cotton responded to the scene where a large crowd was gathering. The crowd was upset that an arrest had not yet been made following the death of a family member of many of those in the crowd. Officer Cotton had been attempting to keep the crowd of approximately 50 people from blocking streets and sidewalks. As he was doing so, Starks began shouting. Officer Cotton's interview with a young man was interrupted because he could not hear the man over Starks' yelling. Starks ignored Officer Cotton's instructions to quiet down and exit from the street.

{¶3}    Starks continued shouting. She encouraged others in the crowd to stay where they were and told them that they did not have to leave. Starks further began shouting profanities at Officer Cotton. As a result of Starks' behavior, Officer Cotton placed her under arrest for disorderly conduct. Following a bench trial, Starks was found guilty. The trial court imposed a fine of $250 and court costs.

{¶4}    Starks now appeals. In three assignments of error, she argues that her conviction for disorderly conduct was not supported by sufficient evidence and was against the manifest weight of the evidence, and that the trial court abused its discretion in finding that her words were likely to incite a retaliatory breach of the peace. As these assignments are related, we address them together. A conviction is supported by sufficient evidence when, after viewing the probative evidence and all reasonable inferences in the light most favorable to the prosecution, a rational trier of fact could have found that all of the elements of the offense had been proved beyond a reasonable doubt. *State v. Martin* (1983), 20 Ohio App.3d 172, 175, 485

N.E.2d 717.  When reviewing the manifest weight of the evidence, this court must weigh the evidence and consider the credibility of the witnesses to determine whether the trier of fact lost its way and created a manifest miscarriage of justice. *State v. Thompkins*, 78 Ohio St.3d 380, 387, 1997-Ohio-52, 678 N.E.2d 541.

{¶5}   Starks was convicted of disorderly conduct under R.C. 2917.11(A)(2), which provides that "[n]o person shall recklessly cause inconvenience, annoyance, or alarm to another by * * *[m]aking unreasonable noise or an offensively coarse utterance, gesture, or display or communicating unwarranted and grossly abusive language to any person."  A defendant may not be convicted under this statute for words alone, no matter how crude or offensive, unless the words uttered were fighting words.  *State v. Hoffman* (1979), 57 Ohio St.2d 129, 131, 387 N.E.2d 239. Such words are those that are likely "by their very utterance, to inflict injury or provoke the average person to an immediate retaliatory breach of the peace." Id. at 133.

{¶6}   The crux of Starks' arguments in support of her assignments of error is that she had been punished for exercising her right to free speech, and that the words she had uttered had not been likely to cause an immediate retaliatory breach of the peace.  We disagree.  We must evaluate Starks' words in the context in which they were uttered.   Here, the police had responded to the scene where a large crowd was gathering.  They had already responded to the same scene earlier in the day.  Prior to Starks' shouting, the police had been successful in dispersing the crowd.  Then Starks loudly began to encourage those in the emotionally charged crowd to ignore the police and to continue to gather.  The crowd's compliance began to slow down and large groups started standing in the street again.  Officer Cotton testified that he was concerned the crowd might become violent and disorderly as a result of Starks' provocation.

{¶7}    Contrary to Starks' assertion, her words consisted of more than just obscene epithets directed at the police. *State v. Callahan* (1989), 48 Ohio App.3d 306, 549 N.E.2d 1230, syllabus. In addition to the uttered profanities, her words included the blatant encouragement for others to ignore necessary police orders. Her utterances were likely to encourage the crowd to inflict injury or commit an immediate retaliatory breach of the peace. Id.

{¶8}    We are not persuaded by Starks' argument that those in the crowd had been unable to hear her utterances. Officer Cotton had testified that, upon arriving at the scene, he had been initially unable to hear what Starks was shouting. But he further testified that he later heard her shouting profanities and telling the crowd that they need not disperse, and that crowd compliance with police orders then slowed down. We find that the trial court was justified in inferring that Starks' behavior stopped the crowd from complying with the police. Starks' conviction for disorderly conduct under R.C. 2917.11(A)(2) was supported by both the sufficiency and the weight of the evidence.

{¶9}    The first, second, and third assignments of error are overruled, and the judgment of the trial court is, accordingly, affirmed.

Judgment affirmed.

**DINKELACKER, P.J.,** and **CUNNINGHAM, J,** concur.

Please Note:

The court has recorded its own entry on the date of the release of this opinion.