[Cite as *Uhrichsville v. McPeck*, 2014-Ohio-3798.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

CITY OF UHRICHSVILLE

      Plaintiff-Appellee

-vs-

WILLIAM MCPECK

      Defendant-Appellant

JUDGES:
Hon. William B. Hoffman, P.J.
Hon. Sheila G. Farmer, J.
Hon. JohnW. Wise, J.

Case No. 2014 AP 01 0001

O P I N I O N

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Tuscarawas County Court, Case No. 12CRB249 |
| JUDGMENT: | Affirmed in part; Reversed in part |
| DATE OF JUDGMENT ENTRY: | August 27, 2014 |

APPEARANCES:

For Plaintiff-Appellee

For Defendant-Appellant

TRAVIS COLLIN
Assistant Law Director
P.O. Box 272
Uhrichsville, Ohio 44683

JOSEPH I. TRIPODI
114 East High Avenue
New Philadelphia, Ohio 44663

*Hoffman, P.J.*

{¶1}    Defendant-appellant William A. McPeck appeals his conviction entered by the Tuscarawas County Court for criminal trespass and disorderly conduct.  Plaintiff-appellee is the city of Uhrichsville.

STATEMENT OF THE FACTS AND CASE

{¶2}    Appellant lives in a home abutting a fifteen foot alleyway in Uhrichsville, Ohio.  Appellant is a long distance truck driver.  Richard Mann also resides on property abutting the same fifteen foot alley way.

{¶3}    On the date in question, S.M., a minor, observed Appellant walk onto the covered carport near her house, close enough to the house so that she could have opened the door and touched him.  S.M. began screaming as she was afraid.

{¶4}    Wendy Gordon, S.M.'s Mother, testified at trial she observed Appellant walking towards her home.  She then lost sight of Appellant, heard her child yell and ran to the back door.  She then saw Appellant near the back corner of the home.

{¶5}    Richard Mann, testified he was sleeping when he heard his daughter, S.M., yell.  He went to the front door. While standing on the front porch, Mann saw Appellant get into his truck and pull his semi truck towards his home.  Appellant then engaged in a vulgar tirade towards Mann, including calling Mann a "pussy."

{¶6}    Appellant later admitted being in the alley, but denied going onto the Mann property.  Appellant further denied the verbal tirade.

**{¶7}** Appellant was subsequently charged with one count of criminal trespass, in violation of R.C. 2911.21,[1] a fourth degree misdemeanor, and one count of disorderly conduct, in violation of Uhrichsville City Ordinance 509.03, a minor misdemeanor.

**{¶8}** The matter proceeded to trial before the magistrate. The Magistrate issued a Decision on September 25, 2012. Appellant filed objections to the Magistrate's Decision on the same date.

**{¶9}** The trial court overruled Appellant's objections via Judgment Entry of January 3, 2014. The trial court specifically deemed the testimony of S.M. and Richard Mann as credible, and found Appellant's testimony not credible.

**{¶10}** Appellant assigns as error,

**{¶11}** "I. THE FINDING OF GUILTY OF APPELLANT FOR ALLEGEDLY CALLING ANOTHER MAN A 'PUSSY' WAS ERROR IN THAT THE WORD 'PUSSY' INFLICTED NO INJURY OR PROVOKED A BREACH OF THE PEACE."

**{¶12}** "II. THE TRIAL COURT ERRED IN SUPPYLING A LEGALLY FLAWED MAGISTRATE'S DECISION, THE CRUCIAL ELEMENT OF REASONABLE DOUBT, BY STATING CREDIBLE EVIDENCE EXISTS TO FIND BEYOND A REASONABLE DOUBT THAT WILLIAM MCPECK WAS GUILTY OF CRIMINAL TRESPASS AND DISORDERLY CONDUCT."

I.

**{¶13}** In the first assignment of error, Appellant asserts the record does not support Appellant's conviction for disorderly conduct.

---

[1] The trial court incorrectly references the statutory citation for criminal trespass as R.C. 2921.11 throughout the record.

{¶14} When reviewing the sufficiency of the evidence, our inquiry focuses primarily upon the adequacy of the evidence; that is, whether the evidence, if believed, reasonably could support a finding of guilt beyond a reasonable doubt. *State v. Thompkins,* 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997) (stating that "sufficiency is a test of adequacy"); *State v. Jenks,* 61 Ohio St.3d 259, 274, 574 N.E.2d 492 (1991). The standard of review is whether, after viewing the probative evidence and inferences reasonably drawn there from in the light most favorable to the prosecution, any rational trier of fact could have found all the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Jenks,* 61 Ohio St.3d at 273, 574 N.E.2d 492. Furthermore, a reviewing court is not to assess "whether the state's evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction." *Thompkins,* 78 Ohio St.3d at 390, 678 N.E.2d 541 (Cook, J., concurring).

{¶15} Thus, when reviewing a sufficiency-of-the-evidence claim, an appellate court must construe the evidence in a light most favorable to the prosecution. *State v. Hill,* 75 Ohio St.3d 195, 205, 661 N.E.2d 1068 (1996); *State v. Grant,* 67 Ohio St.3d 465, 477, 620 N.E.2d 50 (1993). A reviewing court will not overturn a conviction on a sufficiency-of-the-evidence claim unless reasonable minds could not reach the conclusion that the trier of fact did. *State v. Tibbetts,* 92 Ohio St.3d 146, 162, 749 N.E.2d 226 (2001); *State v. Treesh,* 90 Ohio St.3d 460, 484, 739 N.E.2d 749 (2001).

{¶16} When an appellate court considers a claim that a conviction is against the manifest weight of the evidence, the court must dutifully examine the entire record, weigh the evidence, and consider witness credibility. A reviewing court must bear in

mind, however, that credibility generally is an issue for the trier of fact to resolve. *E.g., State v. Issa,* 93 Ohio St.3d 49, 67, 752 N.E.2d 904 (2001); *State v. DeHass,* 10 Ohio St.2d 230, 39 O.O.2d 366, 227 N.E.2d 212 (1967), paragraph one of the syllabus. Once the reviewing court finishes its examination, the court may reverse the conviction only if it appears that the fact-finder, when resolving the conflicts in evidence, " 'clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.' " *Thompkins,* 78 Ohio St.3d at 387, 678 N.E.2d 541, quoting *State v. Martin,* 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).

**{¶17}** If the prosecution presented substantial evidence upon which the trier of fact reasonably could conclude, beyond a reasonable doubt, that the essential elements of the offense had been established, the judgment of conviction is not against the manifest weight of the evidence. *State v. Eley,* 56 Ohio St.2d 169, 383 N.E.2d 132 (1978), syllabus. Generally, a reviewing court should find a conviction against the manifest weight of the evidence only in the "'exceptional case in which the evidence weighs heavily against the conviction.'" *Thompkins,* 78 Ohio St.3d at 387, 678 N.E.2d 541, quoting *Martin,* 20 Ohio App.3d at 175, 485 N.E.2d 717; *accord State v. Lindsey,* 87 Ohio St.3d 479, 483, 721 N.E.2d 995 (2000).

**{¶18}** Uhrichsville City Ordinance 509.03 contains identical language to R.C. 2917.11(A)(2), which reads,

**{¶19}** "(A) No person shall recklessly cause inconvenience, annoyance, or alarm to another by doing any of the following:

**{¶20}** "***

{¶21} "(2) Making unreasonable noise or an offensively coarse utterance, gesture, or display or communicating unwarranted and grossly abusive language to any person;"

{¶22} Richard Mann testified at the trial before the Magistrate,

{¶23} "Q. What happened then?

{¶24} "A. Then he stopped the truck in the road and started calling me pussy. He kept saying 'Pussy, pussy,' and he repeated it over and I kept - - 'I can't hear ya.' And I had heard what he'd said but I put my hand up over my ear and said I can't hear ya. What's that? And he said it a bunch more times and he hollered other stuff. With the sound of the loud semi you couldn't hear exact words of what he kept saying and the was all irate, arms flailing when he said stuff, you know. He was all waving his arms around.

{¶25} "Q. How did that make you feel?

{¶26} "A. Intimidated. He's, you know, he's done this over and over. He stood in front of my kids and threatened to kill me.

{¶27} "MR. TRIPODI: Objection, Your Honor. Move to strike. There's no such charge before the Court. Move for a mistrial. No such evidence has ever been presented to me in discovery of any such documentation.

{¶28} "THE MAGISTRATE: Motion for Mistrial is denied. I will strike the comment but the Motion for Mistrial is denied.

{¶29} "MR. COLLINS: Your Honor, you're not striking intimidated part?

{¶30} "THE MAGISTRATE: No, no, no the part about the killing and -

{¶31} "MR. COLLINS: Thank you.

{¶32} "THE MAGISTRATE: - - the Court will disregard that but.

{¶33} "MR. COLLINS: Thank you, Your Honor.  Then what happened?

{¶34} "A. Then he finally I started back toward the front door of my house and he started finally pulling away and I went into the house, talked to my daughter about what just happened, talked to my wife and we stood in there and talked about it and then I - - she was still there.  I left to - -

{¶35} "Q. Who was still there?

{¶36} "A. My daughter.

{¶37} "Q. Okay.

{¶38} "A. Then I left to go to the Police Station."

{¶39} Tr. at 31-32.

{¶40} Upon review of the evidence, we find Appellant's conviction is not supported by the manifest weight and sufficiency of the evidence.  Richard Mann testified he put his hands over his ears as Appellant called him a "pussy" and repeated it over again, and "hollered other stuff," after Mann told Appellant he [Mann] couldn't hear him [Appellant].  Although Mann testified he was "intimidated," the testimony does not demonstrate Appellant's statement, though rude and offensive (egged on in part, by Mann himself), amounted to fighting words.  As such the statement was protected free speech under the First Amendment.  See, *Cincinnati v. Karlan* (1974), 39 Ohio St.2d 107; *State v. Frazier,* 9th Dist. No. 25338, 2011-Ohio-3189.

{¶41} Appellant's first assignment of error is sustained.

II.

**{¶42}** In the second assignment of error, Appellant asserts the Magistrate's Decision includes findings of fact and conclusions of law which do not find Appellant guilty of the charges beyond a reasonable doubt. Appellant asserts R.C. 2901.05 requires a finding by the trier of fact guilt is found to exist beyond a reasonable doubt.

**{¶43}** R.C. 2901.05 states,

**{¶44}** "(A) Every person accused of an offense is presumed innocent until proven guilty beyond a reasonable doubt, and the burden of proof for all elements of the offense is upon the prosecution. The burden of going forward with the evidence of an affirmative defense, and the burden of proof, by a preponderance of the evidence, for an affirmative defense, is upon the accused."

**{¶45}** Here, the trial court's January 3, 2014 Judgment Entry states,

**{¶46}** "The Court has carefully reviewed the transcript of the proceedings from September 21, 2012 as well as the objections. The Court finds that the objections should be overruled and that the Plaintiff, City of Uhrichsville has presented sufficient, credible evidence to find beyond a reasonable doubt that William A. McPeck is GUILTY of criminal trespassing and disorderly conduct."

**{¶47}** Appellant argues the trial court exceeds its jurisdiction by supplying a statutory factor absent in the Magistrate's Decision. We disagree. The City of Uhrichsville properly met the burden of proof for all of the statutory elements necessary to sustain a conviction for criminal trespass. The trial court included the language "beyond a reasonable doubt" in the January 2, 2014 Judgment Entry based upon Appellant's objections to the Magistrate's Decision. We find the Magistrate's failure to

cite the burden of proof of no consequence given the magistrate's recommended finding of guilty, and the trial court's clear recognition of the applicable burden of proof.

**{¶48}** The second assignment of error is overruled.

**{¶49}** Appellant's convictions in the Tuscarawas County Court are affirmed in part and reversed in part.

By: Hoffman, P.J.

Farmer, J. and

Wise, J. concur